LEHMANN v. RAMO FILMS, Inc.

(Supreme Court, Special Term, New York County. November 1, 1915.)

MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—JURISDICTION—INJURY TO SERVANT—ACTION UNDER COMPENSATION LAW.

   An action under the Compensation Law of New Jersey (Act April 4, 1911 [P. L. p. 141] § 18), providing that in case of dispute, or failure to agree on a claim for compensation, either party may submit the claim to the judge of common pleas of such county, who would have jurisdiction in a civil case, cannot be brought in a Supreme Court in New York, though by reason of defendant's removal of its place of business to New York, the state in which it was incorporated, personal service cannot be had on it in New Jersey.

Proceeding under the Workmen's Compensation Law of New Jersey by Charles Lehmann to obtain compensation for injuries, opposed by

the Ramo Films, Incorporated, the employer. Demurrer to complaint sustained.

Wakelee, Thornall & Wright, of New York City, for plaintiff.
James F. Mahan, of New York City, for defendant.

NEWBURGER, J.    The complaint alleges that in the month of June, 1914, at Ft. Lee, Bergen county, N. J., defendant engaged plaintiff, then and now a resident of New Jersey, to do certain plastering work in said state, and that on the 18th day of June, 1914, while plaintiff was in the defendant's employ under said contract, and in the discharge of his duties, he received a certain injury, causing him to lose the use of his right hand, and that the defendant had notice of such injury. The complaint further sets out the act of the state of New Jersey known as the Compensation Law; that pursuant to such act plaintiff, within 14 days after the injury, caused the defendant to be notified thereof; that the plaintiff was receiving wages from the defendant at an average of $27.50 per week; that plaintiff and defendant have failed to agree on the claim for compensation; that pursuant to section 18 of said act, on or about the 31st day of October, 1914, plaintiff presented a verified petition to a judge of the court of common pleas for the county of Bergen, state of New Jersey, setting forth his injury and all the necessary information required under said section; that the judge of said court thereupon made an order requiring the defendant to appear for a hearing; that it was impossible to serve the defendant, which had removed its place of business to the state of New York, in which state it was incorporated, and that by reason of said injury the plaintiff demands the sum of $1,500, as provided under the laws of the state of New Jersey.

The defendant has demurred to this complaint and raises the question of jurisdiction. Section 18 of chapter 95, Laws of 1911, of the state of New Jersey, provides that in case of a dispute or failure to agree upon a claim for compensation between employer and employé either party may submit the claim to the judge of the court of common pleas of such county as would have jurisdiction in a civil case. It will thus be seen that the forum is provided under such law. This action, being a statutory one, must be strictly construed. The mere fact that the complaint alleges that personal service could not be obtained on the defendant is no ground for bringing the action in this court.

The demurrer must be sustained. Settle order on notice.