McCARTHY v. McALLISTER STEAMBOAT CO.

(Supreme Court, Special Term, New York County.    April 24, 1916.)

MASTER AND SERVANT ⟬386(4)—EMPLOYERS' LIABILITY ACT—RECOVERY OF LUMP SUM—STATUTE.

Under Employers' Liability Act N. J. April 4, 1911 (P. L. p. 134), a widow, administratrix of the estate of a servant, a resident of New York, killed in the course of his employment under contract made in the state of New Jersey, could not recover in New York the minimum lump sum of compensation, in view of his weekly wages, provided by the New Jersey act, where a court of common pleas of New Jersey had not fixed a lump sum of compensation.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⟬ 386(4).]

Action by Ellen McCarthy, as administratrix of the estate of Joseph McCarthy, deceased, against the McAllister Steamboat Company. On motion for judgment on the pleadings. Motion granted.

Moses Lewis, of New York City, for plaintiff.

Hyland & Zabriskie, of New York City, for defendant.

NEWBURGER, J.    Motion for judgment on the pleadings. The complaint alleges that the defendant, a New York corporation, entered into a contract of employment in the state of New Jersey with one Joseph McCarthy; that on or about the 2d day of July, 1913, while so employed, through the carelessness and negligence of the defendant, said Joseph McCarthy received injuries which resulted in his death; that he was a resident of this state and that plaintiff was appointed administratrix by the surrogate of the county of New York; that the weekly earnings of said decedent were about $8.75; that the Legislature of the state of New Jersey enacted a compensation law, which went into effect July 4, 1911; that the said law provided that the next of kin of an employé shall benefit by fixed schedule of compensation from the employer of the deceased upon the employé's death from injuries through an accident arising out of and in the course of his employment, and that the said compensation shall be paid during a period of 300 weeks; that the plaintiff is entitled to $1,500 based upon the minimum rate of wages of the deceased. The answer alleges that under the act of New Jersey all questions shall be submitted to the court of common pleas of that state upon petition, which petition shall be answered and the issues raised determined by said court, and that the plaintiff has no right of action which can be enforced in this state.

Section 18 of chapter 95, Laws of 1911, of the state of New Jersey provides that in case of a dispute over or failure to agree upon a claim for compensation between the employer and employé, or the dependents of the employé, either party may submit the claim both as to questions of fact, the nature and effect of the injuries and the amount of compensation therefor to the judge of the court of common pleas of such county as would have jurisdiction in a civil case. Section 20 provides for the procedure in case of dispute. That there is a dispute between the parties is apparent. The answer denies any liability and

any negligence or carelessness on its part. In Lehmann v. Ramo Films, Inc., 92 Misc. Rep. 418, 155 N. Y. Supp. 1032, I held that as the act provided a forum wherein the disputes between the parties were to be determined this court would not assume jurisdiction.

But the plaintiff contends that as the compensation is fixed by the New Jersey statute this action is merely to recover the minimum rate. Section 1 of the act provides that the employé shall receive compensation provided that the employé himself was not willfully negligent. Section 12 provides that in case of death compensation shall be paid during 300 weeks. Section 21 provides that the amounts payable periodically as compensation may be computed to one or more lump sum payments by the judge of the court of common pleas having jurisdiction upon application of either party. I do not understand upon what theory plaintiff fixes the compensation at $1,500; the compensation under the law is payable weekly, and the complaint does not allege that the court has fixed a lump sum, as provided by section 21 of the act.

For the reasons stated the motion must be granted. Settle order on notice.