ROBERT H. MOSELY, Appellant, v. EMPIRE GAS & FUEL COMPANY.

Division One, March 12, 1926.

1. **WORKMEN'S COMPENSATION ACT**: Acceptance.  The Supreme Court of Kansas has decided that both employer and employee accept the provisions of the Workmen's Compensation Act of that State if they do not file a declaration not to accept its provisions; a failure to file a declaration of non-acceptance is acceptance, and makes the statute a part of the contract of employment.

2. ———: ———: **Exclusive Remedy**.  The Supreme Court of Kansas has decided that the remedy for injuries to an employee afforded by the Workmen's Compensation Act of that State is exclusive.  The employer's liability in no sense depends upon tort, but arises out

313 Mo. Sup.—15.

of contract, the terms of which are embodied in the statute. And that construction becomes a part and parcel of the statute, so far as Missouri courts are concerned, in determining the nature of the employee's right to recover for personal injuries received in his employment.

3. ———: Right to Sue in Another State: Transitory and Domestic Cause of Action. A transitory cause of action can be maintained in another state, even though the statute creating, the cause of action provides that the action must be brought in the local domestic courts; the venue is no part of the right to recover damages for personal injuries inflicted by common-law negligence, and a state cannot, under the full-faith-and-credit clause of the U. S. Constitution, create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. But those rules are not controlling where the right to recover compensation arises out of contract, and the remedy afforded by the statute creating the cause of action is exclusive, and both employer and employee have accepted the statute as a part of their contract, and the statute prescribes a procedure for adjusting the compensation and tribunals for enforcing the right, entirely different from the proceedings of courts proceeding according to the course of the common law, and the statute itself says that no action or proceeding under it can be brought outside of the state.

4. ———: ———: United Right and Remedy. Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which creates the right. The Workmen's Compensation Act of Kansas is not cumulative, or supplemental of the common law, but is substitutional, and, when accepted, gives a special right and prescribes an exclusive remedy, and, as a result of its terms, the pursuit of the exclusive remedy is so interwoven with the right, and with provisions as to the tribunal designated to enforce the right, and with the special powers granted to that tribunal, as to make a disunion of the right and the exclusive remedy impractical. The injured employee cannot under the provisions of the act maintain an action in the common-law courts of Kansas for a common-law tort, and recover a final judgment for a lump sum to which he alleges he is entitled under said statute; and as he cannot maintain such suit in Kansas, the courts of this State are not compelled by statute (Sec. 1162, R. S. 1919) to entertain such a suit.

5. ———: Injuries in Kansas: Suit in Missouri. Plaintiff instituted suit in a Missouri court and asked judgment for damages under

the Workmen's Compensation Law of Kansas, for personal injuries alleged to have been sustained by him in Kansas in the course of his employment by defendant. His petition contained no allegations of negligence. He alleged that in drilling a well the cable slipped from a drum which had no flange and broke his arm, which has been permanently disabled, and he asked that he be compensated according to the terms of and in the amounts prescribed by said statute. He had not formally accepted said statute, nor filed a declaration refusing to accept it, but the Supreme Court of Kansas had construed the statute to mean that a failure to file a declaration not to accept the statute was an acceptance, and that the remedy afforded by the statute was exclusive of all other remedies upon all employers and employees who had accepted it, and that the right of the employee was compensation arising out of contract, and did not arise out of tort. The statute prescribed that no action or proceeding could be brought under it outside the state. It also created tribunals, different from courts, to determine the amount of compensation to which the injured employee was entitled and prescribed its own procedure. *Held*, that the Missouri court cannot be compelled to exercise its jurisdiction to try the case, and its order sustaining a plea in abatement filed by defendant is affirmed.

6. ———: ———: ———: **Different Tribunals and Procedure.** The Workmen's Compensation Act of Kansas contains a multitude of details. It provides for compensation to the injured employee of a percentage of the wages he was earning at the time of his injury, the per cent being dependent upon the extent of his resultant incapacity, to be paid in a lump sum, or by the week, and for a named number of years if the disabilities are partial, and for a longer time if they are permanent, and prescribes that the amount may be determined by agreement by a representative committee, or by arbitration, and in default of an agreement or upon the employer's refusal to arbitrate, the injured workman's right to compensation may be determined and enforced in any court of compensation, provided he has consented to arbitration or applied to the court for an arbitrator, but in such action trial by jury shall be deemed waived, and the case tried by the court without a jury, unless either party within ten days demand a jury, and the judgment shall be for a lump sum or periodical payments during incapacity, in the discretion of the trial judge, but in no case for a lump sum for an injury not ascertainable by objective examination, and may be reviewed after the expiration of six months upon the application of either party and the amount allowed by the court reduced or raised; and it further prescribes that "such court shall make all rules necessary and appropriate to carry out the provisions of this

act." *Held*, that courts in Missouri can render no such judgment, and cannot make rules necessary and appropriate to carry out the purpose of said Kansas statute, and is not compelled to assume jurisdiction of a case by which the injured employee seeks to recover final judgment for the lump sum to which he alleges he is entitled under the provisions of said foreign statute.

Actions, 1 C. J., Section 100, p. 988, n. 67, 68; Section 101, p. 989, n. 77; Section 153, p. 133, n. 18. Courts, 15 C. J., Section 37, p. 737, n. 23; Section 74, p. 779, n. 60; Section 316, p. 927, n. 58.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern*, Judge.

AFFIRMED.

*C. W. Prince, E. A. Harris* and *James N. Berry* for appellant.

(1) Plaintiff's action for compensation for injuries arising under the Workmen's Compensation Act of Kansas, can be maintained in the courts of Missouri, notwithstanding the provision of the Workmen's Compensation Act limiting the bringing of actions under it to the courts of Kansas; for the reason that "venue. is no part of the right, and a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. Tenn. Coal Co. v. George, 11 Ga. App. 221, 233 U. S. 354; A. T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55; Kenney v. Supreme Lodge, 252 U. S. 411. (2) The Compensation Law of Kansas can have no extra-territorial effect; the provision therein, which goes to the place of filing suit applies merely to the manner in which the right shall be exercised, and is binding upon the courts of that state, yet because it affects the remedy only, it has no force beyond the boundaries of the State of Kansas, matters pertaining to the remedy being controlled by the *lex fori*. Ry. v. Sowers, 233 U. S. 70; Tenn. Coal Co. v. George, 233 U. S. 354; Pennoyer v. Neff, 95 U. S. 714. (3) The State has

no power to create a right and limit its enforcement to the courts of that state. Tenn. Coal Co. v. George, 233 U. S. 354; Kinney v. Supreme Lodge, 252 U. S. 411. (4) Whenever by either common law or the statute law of a state, a right of action has been conferred by law and a legal remedy provided, the liability may be enforced and the right of action pursued in the courts of a sister state, which has jurisdiction of the subject-matter, and also jurisdiction of the parties, provided the enforcement of the right sought is not opposed by the settled policy of the state wherein it is sought to be enforced. Spokane Inland Ry. Co. v. Whitley, 237 U. S. 494; Tenn. Coal Co. v. George, 233 U. S. 354; Ry. Co. v. Sowers, 213 U. S. 55; Stewart v. Railroad, 168 U. S. 445; Dennick v. Railroad Co., 103 U. S. 11. (5) The restriction of said Kansas statute that "no action or proceeding provided for in this act shall be brought or maintained outside of the State of Kansas" is a violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States, for the following reasons: (a) It attempts to abridge the privileges and immunities of the plaintiff in the enforcement of a fixed right, namely, the right to prosecute his cause of action in a court of Missouri having jurisdiction of the parties and the subject-matter. (b) It deprives plaintiff of his property without due process of law, in that it denies to him the right to the usual remedies for the collection and enforcement of his personal right for compensation for injuries received, after service of process has been had upon the defendant in the State of Missouri. (c) It denies to plaintiff the equal protection of the law; in that plaintiff is entitled to enforce the substantive right conferred by the Compensation law of the State of Kansas, but is frustrated by the unconstitutional provision in said law which undertakes to limit or restrict the place of bringing suit. (6) The Kansas Legislature in enacting the Workmen's Compensation Law of Kansas conferred upon any person sustaining injuries within the purview of said statute a right to compensation therefor.

In denying to plaintiff process of court for the enforcement of said right, the safeguards of Sections 1 and 2 of Article 4 of the Constitution of the United States are violated and disregarded, in that a refusal to enforce the rights established by the Act is tantamount to a failure to give full faith and credit to all those substantial provisions of the statute which inhere in the cause of action. The presence in said law of the restrictive provision that "no action or proceeding provided for in this Act shall be brought or maintained outside of the State of Kansas," which is an invalid territorial restriction affecting the remedy only, furnishes no adequate reason for failure to give full faith and credit to all those substantial provisions in the statute which inhere in the cause of action. Kenney v. Supreme Lodge, 252 U. S. 411; Tenn. Coal Co. v. George, 233 U. S. 354; A. T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55.

*Guy M. Cowgill* and *Arthur C. Popham* for respondent.

(1)   The court did not err in overruling plaintiff's demurrer to defendant's plea in abatement.   Harbis v. Cudahy Packing Co., 241 S. W. 960.   (2)   The court did not err in sustaining defendant's plea in abatement. Harbis v. Cudahy Packing Co., 241 S. W. 960; Shade v. Lime & Cement Co., 93 Kan. 260; Daley v. Peoples Building Assn., 178 Mass. 13; Mittenthal v. Mascagni, 183 Mass. 19, 97 Am. St. 404; Greve v. Aetna Live Stock Ins. Co., 81 Hun, 28, 30 N. Y. Supp. 668; Lessenden v. Railroad Co., 238 Mo. 247; Lehmann v. Ramo Film, Inc., 155 N. Y. Supp. 1032; McCarthy v. McAllister, 158 N. Y. Supp. 563, L. R. A. 1917D, 84.   (3)   The act is unenforcible in Missouri because:   (a)   Said act is inconsistent with local policy and Missouri practice.   Genl. Stats. Kan. 1915, secs. 5896-5942, (as Amd. 1917, ch. 226); Railroad v. Sowers, 213 U. S. 67.   (b)   It requires intricate court machinery, rules, subsequent reviews, and other procedure non existing in

Missouri. (c)  It specifically confers statutory direction to district courts of Kansas and district clerks to make necessary rules and provisions legislatively decreed to be necessary, and said legislative authority is inoperative in Missouri. Rules must have statutory authority and are binding like statutes. Robinson v. Slussman, 253 S. W. 86; Bank v. Kropp, 181 S. W. 86.  (d)  Said act being and having been construed in Kansas as exclusively contractual, such construction is binding on this court, and the contract embracing local venue is likewise binding. Eighme v. Railroad, 249 S. W. 719; Shade v. Cement Co., 93 Kan. 260; Harbis v. Cudahy Packing Co., 241 S. W. 960.  (e)  Right and remedy are inseparably united. In such event, or where foreign act is not consistent with local policy as here, cited cases of appellant are authority for respondent on this point. Railroad v. Sowers, 213 U. S. 54; T. C. I. & Railroad Co. v. George, 233 U. S. 353; Dennick v. Railroad, 103 U. S. 11.  (f)  Kansas having judicially determined that claimant contracted to accept all the terms of the act, such contractual acceptance included venue and conclusively settles the question of venue. Wenzler v. Robinline S. S. Co., 277 Fed. 812; Shade v. Cement Co., 93 Kan. 260.

LINDSAY, C.—This is a suit in which plaintiff asks for judgment for damages under the Workmen's Compensation Law of the State of Kansas, for personal injuries alleged to have been sustained by him, in Kansas, while in the course of his employment by defendant company, in the State of Kansas, in the business of drilling for oil and gas.  The defendant is alleged to be a corporation engaged in the business of drilling for oil and gas in Kansas and other states, but the state of its incorporation is not alleged, nor the place of plaintiff's residence.

The petition alleges that plaintiff was assisting in the removal of an iron casing from a well; that in said work a long cable was used, which was caused to wrap around a revolving drum; that defendant provided a

drum without a flange fastened upon the end thereof; that by reason of the absence of such flange, the cable, while being drawn around the drum, was caused to slip off and strike the plaintiff, whereby the bones of his right arm were broken, and "that the use of plaintiff's right arm has been permanently disabled," and he alleges expenditure of money on account of his injury, pain suffered and the like. There is no allegation of negligence on the part of defendant.

Plaintiff pleaded and set forth certain provisions of the law then in force, found in Chapter 61, Article VI, of the General Statutes of Kansas, 1915, and as amended, Laws of Kansas 1917, Chap. 226.

The defendant filed a plea in abatement, alleging that plaintiff ought not to have or maintain his action in the Missouri court, and set forth the provisions of Sections 20, 23, and 24 of Chapter 226, Laws of Kansas 1917.

The sections pleaded by plaintiff were those concerning the liability of the employer for injuries sustained by his employees, operating under the terms of the law, and the rights of such employees thereunder. The sections pleaded by defendant were those which provided that no action or proceeding under the law could be brought outside of the State of Kansas, and defining the conditions under which the employer and the employee would be deemed to have accepted the provisions of the law. The trial court overruled plaintiff's demurrer to the plea in abatement, and plaintiff filed a reply. The reply pleaded that the Kansas law, insofar as it was an attempt to confine to the State of Kansas the trial of causes arising under the compensation law of that state, was in contravention of Article V and Article XIV of the Amendments to the Constitution of the United States and violative of the provisions of Section 2 of Article IV and Section 10 of Article I, as an attempt to abridge the privileges and immunities of the plaintiff, to deprive him of his property without due process of law, deny to him the equal protection of the laws, and deny him a fixed right in that it

undertook to deny the plaintiff the right to litigate his cause of action, he having obtained service on defendant, in the State of. Missouri. It was admitted that the statutory provisions pleaded were in force. The court sustained the plea in abatement, overruled plaintiff's motion to set aside the involuntary nonsuit taken by him, and overruled his motion in arrest. The appeal was granted to the Kansas City Court of Appeals, but that court, in consideration of the constitutional questions raised, transferred the cause to this court. Under the provisions pleaded by defendant, by Section 23, Chapter 226, Laws of Kansas, 1917, the employer shall be presumed to have accepted the provisions of the act if he has not filed a written statement that he elects not to accept thereunder; and similarly, by Section 24, the employee is presumed to have accepted the provisions of the act unless before injury, he has filed a written declaration that he elects not to accept thereunder. The declaration by him is to be filed with the Secretary of State, and also a duplicate thereof with his employer.

The case here, as presented by the pleadings and in the briefs, proceeds upon the theory that no declaration not to accept was filed by either, and that thereby both plaintiff and defendant did accept the provisions of the law. As to the right to bring the action, the provision, a part of Section 20 of said act, is as follows: "No action or proceedings provided for in this act shall be brought or maintained outside of the State of Kansas, and notice thereof may be given by publication against non-residents of the state in the manner provided," under certain general statutes. The sections concerning the relation created by the employer and employee in respect of the act, through failure to file a declaration not to accept its provisions, have been construed by the Supreme Court of Kansas, in the following cases, among others: Shade v. Lime & Cement Co., 93 Kan. 257; Railway Co. v. Fuller, 105 Kan. 608; Wegele v. The Ismert-Hincke Milling Co., 105 Kan. 615. The statute is optional in character: Smith

v. Packing Co., 115 Kan. 874. The substance of the holdings in these cases is, that both employer and employee by operation of the statutes mentioned, accept the provisions of the law if they do not file the declaration not to accept thereunder; and that thereby the provisions of the statute become a part of the contract of employment.

The Supreme Court of Kansas, further construing the provisions of the law, has held that the remedy afforded by the Workmen's Compensation Act in cases where the employer and employee have elected to come within those provisions, is exclusive. [Shade v. Cement Co., 92 Kan. 146; McRoberts v. Zinc Co., 93 Kan. 364.] Following Moeser v. Shunk, 116 Kan. 247, it was said in Johnson v. Milling Co., 116 Kan. 1. c. 734: "The Workmen's Compensation Law fixed the liability of an employer to his employee where both parties are under the law, and this liability is founded upon the contract of employment and the statute. The liability in no sense depends upon tort. It is a liability growing out of contract, the terms of the statute being embodied in the contract. As between the employer and employee, the remedy provided by the Workmen's Compensation Law is exclusive. The injured employee or his dependents must recover upon the contract of employment, which includes the provisions of the Workmen's Compensation Act."

The construction given to this statute by the Supreme Court of Kansas becomes part and parcel of the statute, so far as Missouri courts are concerned in determining the nature of the right. [Hiatt v. St. Louis S. F. Ry. Co., 271 S. W. 806.] The question presented here up to this time has not been decided by this court. The question at issue, minus consideration of the provisions of the Federal Constitution here invoked, or consideration of Section 1162, Revised Statutes 1919, was decided by the Kansas City Court of Appeals in Harbis v. Cudahy Packing Co., 211 Mo. App. 188. The plaintiff in that case recovered judgment upon a claim arising upon the Kansas Compensation Law, and it was held that the act was

a part of the contract of employment, and the provision therein forbidding maintenance of an action outside of Kansas, was binding, and the judgment was reversed. That case came here for review, in *certiorari,* in State ex rel. Harbis v. Trimble, 292 Mo. 333. In that proceeding, this court distinguished the Harbis case from those involved in decisions of this court, cited in support of a claim of conflict, and quashed the writ. In doing so, ex-pression of the views of this court upon the validity of the provision of the Kansas law imposing the condition that the action could be brought only in the courts of Kansas, was withheld. Reference was made in the opinion to the expression used in Lessenden v. Mo. Pac. Ry. Co., 238 Mo. l. c. 260, to the effect that no reason is seen why a state which creates a right of action could not impose such a condition, and that expression was declared to be *obiter.*

The plaintiff relies upon certain decisions of the Supreme Court of the United States, and particularly those in Atchison, Topeka & Santa Fe Railroad v. Sowers, 213 U. S. 55, and Tennessee Coal, Iron & Railway Co. v. George, 233 U. S. 354. In the Sowers case the original plaintiff was injured while riding upon the pilot of an engine near Gallup, New Mexico, and, as it was alleged, through the negligence of the defendant. He brought suit in Texas, and a judgment in his favor was affirmed by the supreme court of that state. The statute of the Territory of New Mexico provided that such an action could be brought only in the courts of New Mexico. The right of the plaintiff to maintain his action at all, under the New Mexico statute, was conditioned upon compliance with certain prescribed requirements. He was required, within ninety days after injury, to make a verified state-ment thereof, and demand his damages, and also required to sue within one year after the occurrence of the injury.

The Kansas Act requires demand to be made within three months, and does not permit the employee to sue if the employer is willing to arbitrate. The petition al-leges that plaintiff made the demand and defendant re-fused to arbitrate.

The question presented in the Sowers case was whether the Texas court had violated the full-faith-and-credit clause of the Federal Constitution. The contention of the plaintiff in error was, that full faith and credit had not been given to the provision of the statute of New Mexico, restricting the right to sue to the courts of New Mexico. The ruling was that the Texas court had given full faith and credit to the New Mexico statute, in that, in permitting a recovery the Texas court had observed the conditions imposed upon the right of action, as to making verified claim, and bringing suit within the time limited. It was said that the suit was such an one as by the common law could be maintained in any court of general jurisdiction, where service could be had on the defendant. The conclusion was that New Mexico had a right to require other states in suits brought therein, for an injury sustained in New Mexico, to observe the conditions imposed upon such causes of action, although otherwise controlled by common-law principles, and, that when such conditions were observed, by the court of the other state, its jurisdiction was not defeated by reason of the provision that such suit could only be brought in New Mexico.

In Tennessee Coal, Iron & Railroad Co. v. George, the plaintiff, George, was injured in Alabama, and sued and had judgment in Georgia. His cause of action was based upon a provision of the Alabama code, which gave a right of action for injury ''caused by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer.'' There was another provision of the Alabama code limiting the right to sue, to the courts of Alabama. The issue was thus stated in 233 U. S. 1. c. 358-359: ''The record raises the single question as to whether the full-faith-and-credit clause of the Constitution prohibited the courts of Georgia from enforcing a cause of action given by the Alabama code, to the servant against the master, for injuries occasioned by defective machinery, when an-

other section of the same code provided that suits to en-
force such liability 'must be brought in a court of compe-
tent jurisdiction within the State of Alabama and not else-
where.' '' Immediately following that, the court said:
''There are many cases where right and remedy are so
united that the right cannot be enforced except in the
manner and before the tribunal designated by the act.
For the rule is well settled that 'where the provision for
the liability is coupled with a provision for a special
remedy, that remedy, and that alone, must be employed.'
[Pollard v. Bailey, 20 Wall. 520, 527; Galveston Ry. v.
Wallace, 223 U. S. 481, 490; Stewart v. B. & O. R. R., 168
U. S. 445; National Bank v. Francklyn, 120 U. S. 747, 753.]
But that rule has no application to a case arising under
the Alabama code relating to suits for injuries caused
by defective machinery. For, whether the statute be
treated as prohibiting certain defenses, as removing com-
mon-law restrictions or as imposing upon the master a
new and larger liability, it is in either event evident that
the place of bringing the suit is not part of the cause of
action—the right and the remedy are not so inseparably
united as to make the right dependent upon its being en-
forced in a particular tribunal. The cause of action is
transitory and like any other transitory action can be
enforced 'in any court of competent jurisdiction within
the State of Alabama . . .' But the owner of the de-
fective machinery causing the injury may have removed
from the State and it would be a deprivation of a fixed
right if the plaintiff could not sue the defendant in Al-
abama because he had left the State nor sue him where
the defendant or his property could be found because
the statute did not permit a suit elsewhere than in Al-
abama. The injured plaintiff may likewise have moved
from Alabama and for that, or other, reason may have
found it to his interest to bring suit by attachment or *in
personam* in a state other than where the injury was in-
flicted. The courts of the sister state trying the case would
be bound to give full faith and credit to all those sub-

stantial provisions of the statute which inhered in the cause of action or which name conditions on which the right to sue depend. But venue is no part of the right; and a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action.''

The ruling in the Sowers case was also considered and it was said, l. c. 361: ''The decision in the Sowers case, however, was not put upon the fact that the suit was based on a common-law liability. The court there announced the general rule that a transitory cause of action can be maintained in another state even though the statute creating the cause of action provides that the action must be brought in local domestic courts.'' The court thereby seems to place a common-law action and one created by statute upon the same footing in the particular under consideration.

This court in State ex rel. Harbis v. Trimble, 292 Mo. l. c. 341, heretofore mentioned, referred to the holding in the George case, and after saying the question had not been considered here upon a record which presented it, and that outside this jurisdiction there was some conflict of authority, said, referring to the George case: ''It is held (Tenn. Coal, Iron & Railroad Co. v. George, 233 U. S. 354) that the enforcement of such a cause of action by the courts of a sister state does not infringe the full-faith-and-credit clause of the Federal Constitution, but that holding does not preclude state courts from refusing to enforce it.'' Reference was also made to the general policy announced in this State in Section 1162, Revised Statutes 1919, and in Cement Co. v. Gas Co., 255 Mo. 1, and other cases.

Another case cited by counsel for plaintiff is Kenney v. Supreme Lodge, 252 U. S. 411. In that case a suit had

been brought in Illinois founded upon a judgment rendered in Alabama for negligently causing the death of the plaintiff's intestate. The Alabama statute creating the cause of action provided that suit could be maintained in any court of competent jurisdiction in Alabama, but not elsewhere. A statute of Illinois provided that no action should be maintained in that state for damages occasioned by death occurring in another state in consequence of wrongful conduct, and the Illinois court, in deciding the case, looked beyond the judgment sued on, and considered the character of the original cause of action, and held that the Illinois courts had no jurisdiction of the suit upon the judgment. The Federal Supreme Court, in reversing that ruling, held that the State of Illinois could not escape its constitutional obligation under the full-faith-and-credit clause in respect of the judgment rendered in another state, by denying jurisdiction to its own courts, otherwise competent in such a case. It was said that the fact that the original cause of action could not have been maintained in Illinois, was not an answer to a suit upon the judgment. Referring to the rulings in the Sowers case, and the George case, it was said, 1. c. 415: "Some argument was based upon the fact that the statute of Alabama allowed an action to be maintained in a court of competent jurisdiction within the state 'and not elsewhere.' But when the cause of action is created the invalidity of attempts to limit the jurisdiction of other states to enforce it has been established by the decisions of this court." [Citing the Sowers and George cases.]

In the George and Sowers cases, the respective rights of the parties were not created by the provisions of a statute accepted by them in the exercise of an option, nor did the statutes giving the right of action attempt to unite with the right a special or exclusive remedy, beyond the limitation that the right to sue existed only in the courts of the state giving the right of action.

In the case at bar, the statute creating the right of action sued on, and that not one under the common law,

is a statute accepted by the parties, under their option to accept or reject, and included in that acceptance is the adoption of the exclusive remedy. The Supreme Court of the United States has given effect to the exclusiveness of the character of the remedy under Workmen's Compensation Laws, in suits for damages brought in admiralty. In Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, the claimant sued in admiralty for damages on account of injuries sustained while working as a carpenter upon an unfinished vessel, lying on navigable waters in the State of Oregon. The claimant and his employer had accepted the provisions of the Workmen's Compensation Law of that state. The court in the course of the opinion said, l. c. 476: "The injury was suffered within a state whose positive enactment prescribed an exclusive remedy therefor." It was held that the general admiralty jurisdiction extended to proceedings to recover damages resulting from a tort committed on a vessel in process of construction, when lying on navigable waters within the state. But, it was further held that "the exclusive features of the Oregon Workmen's Compensation Act would apply and abrogate the right to recover damages in an admiralty court, which otherwise would exist." A like question, arising upon similar facts was presented and a like holding made, in Millers Indemnity Underwriters v. Braud (46 Sup. Ct. Rep. 194), in error to the Supreme Court of Texas, a case decided at the October term, 1925, and shown in the advance sheets. In those cases the question whether the courts of one state *must* exercise jurisdiction to enforce a right claimed under the Workmen's Compensation Law of another state, was not, of course, in issue, but these cases are referred to as illustrations of the view, universally held, that statutes of the nature of the Workmen's Compensation Act of Kansas, as to those persons accepting their provisions, are exclusive in respect of the right given, and the remedy prescribed, and also because emphasis is laid upon the fact that the parties, in the exercise of an option, had accepted the provisions of a state compensation act.

The Kansas act is elaborate, and contains a multitude of details. By paragraph 1 of Section 3 of the Act, Laws of Kansas, 1917, Chapter 226, it is provided that the employer, on demand, shall pay the cost, not exceeding $150, for a physician and all surgical and hospital treatment, medicines and the like, but in the event of his refusal, he shall not be liable in excess of the amount stated. Paragraph 2 provides what the compensation shall be where death results from the injury. Paragraph 3 makes provision where total permanent disability results from injury, and where temporary total disability results from injury, and also where disability, partial in character, but permanent in quality, results from the injury. In the last-named instance the provision is that "the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for, or during the first week following the injury; but that thereafter, compensation in a lump sum shall be paid as provided in the schedule following, upon a percentage of his average weekly wages, to be computed as provided in Section 4 of this Act, and the compensation is to be in no case less than $6 per week, nor more than $12 per week." There follows then a schedule providing for the compensation to be paid for the loss of a member, as, "For the loss of a hand, fifty per cent of the average weekly wages during one hundred fifty weeks." The number of weeks during which compensation shall be paid varies, according to the nature of the injury. Payments for total permanent disability cannot extend beyond a period of eight years. There is a provision that permanent loss of the use of a hand, arm, etc., as a direct result of an injury, shall be considered as the equivalent of the loss of such hand, arm or member. The closing provision of the section, among other things, is as follows: "The compensation for the foregoing specific injuries, shall be in lieu of all other compensation, except the benefits provided in paragraph 1 of this section."

There are other sections, setting further in detail, rules governing the calculation of the average weekly and average annual wages of the employee under varying circumstances. There are provisions for medical examination, and that if the employee refuses to submit himself for examination upon request, and as provided by the act, his right to payment of compensation shall be and remain suspended until he shall submit to examination. There are provisions whereby, if compensation be settled by agreement, it may be determined by any committee representative of the employer and the requirement, if such committee exists; or, otherwise, may be determined by an arbitrator, who may be agreed upon, or if not, appointed upon application to the district court.

Section 20 of the act, in authorizing suit, provides: "A workman's right to compensation under this act may, in default of agreement or if the employer shall have refused to consent to an arbitration of the workmen's claim for compensation, be determined and enforced by action in any court of competent jurisdiction, but no such action shall be maintained until and unless the workman shall have consented to an arbitration or applied to the court as hereinbefore provided for an arbitrator. In every such action the right to trial by jury shall be deemed waived and the case tried by the court without a jury, unless either party shall within ten days after issues are joined demand a jury trial. The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for, periodical payments, as in an award; provided, in no case shall a lump sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of Section 4 of this Act and such judgment may be reviewed at any time after the expiration of six months upon application of either party

and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review.'' Further on in that section is the provision that an action cannot be brought outside of Kansas.

The claim of this plaintiff, under the allegations of his petition, is, that by reason of the provisions of the act, of his injury, and of the refusal of the defendant to arbitrate and adjust his claim, he has been damaged in the sum of $6240, and he asks judgment for that sum. The theory of the law according to its own terms, and its purpose as stated by the Supreme Court of Kansas, is, not to provide for the payment of damages, but to require compensation to be made for wages which the workman is prevented from earning by reason of the disability resulting from his injury. The definition given in Duart v. Simmons, 121 N. E. (Mass.) 10, 1. c. 13, is appropriate: ''The word 'compensation' in the connection in which it is used in the act, means money relief afforded according to the scale established and for the persons designated by the act, and not the compensatory damages recoverable in an action at law for a wrong done or a contract broken.''

It is not irrelevant to observe at this point that the plaintiff, in asking a recovery of damages, alleges as an element of his case that he ''has suffered great physical and mental anguish and will so continue to suffer during the remainder of his natural life—that plaintiff has lost, and will in the future, lose, much of his natural rest and sleep—that plaintiff has expended and obligated himself to expend and will in the future spend and obligate himself to expend large sums for medicine, medical attention and nurse hire in seeking remedies for relief.'' These allegations are wholly inconsistent with the measure of recovery prescribed in the compensation statute. [McRoberts v. Zinc Co., 93 Kan. 364-369.] If plaintiff cannot maintain an action in Kansas for general damages resulting from his injury, as distinguished from compensation measured solely by his loss of wages during a limited

time, and calculated according to certain rules fixed by the compenastion statute, then he is not entitled to maintain such an action here under the provisions of Section 1162, Revised Statutes 1919.

The question at issue here is materially different from the question in the Sowers case or in the George case. In those cases there was no question, or consideration of an option, or choice on the part of the employer and employee, whereby they might voluntarily bring themselves within the provisions of the act, or reject it. Here the statute involved is not cumulative or supplemental to the common law, but is substitutional, and, when accepted, it gives a special right and prescribes an exclusive remedy, and, as result of its terms, the pursuit of the exclusive remedy is so interwoven with the right, and with provisions as to the tribunal designated to enforce the right, and the special powers granted to that tribunal as to make a disunion of the right and the exclusive remedy impractical.

Passing by what might be termed the first tribunal, the committee, if one such as is authorized exists to act for the employer and employee involved, and passing by the next or alternative tribunal, an arbitrator agreed upon, or, if not agreed upon appointed by the court, and coming to the last resort, a direct action in court, we find the following among the provisions in force at the time involved in this action, as set forth in Revised Statutes Kansas 1923, and a part of the compensation act: *"Procedure and jurisdiction of court.*—All reference hereinbefore to a district court of the State of Kansas having jurisdiction of a civil action between the parties shall be construed as relating to the then existing code of civil procedure. Such court shall make all rules necessary and appropriate to carry out the provisions of this act. [L. 1911, ch. 218, p. 35, Jan. 1, 1912.]" [Sec. 44-533, R. S. Kan. 1923.] This statute cannot have the extra-territorial effect of authorizing a court of Missouri to "make all rules necessary and appropriate to carry out the provisions of

the act.'' In Galveston H. & S. A. Railway v. Wallace, 223 U. S. 1. c. 490, it was said: ''At one time there was some question both as to the duty and power to try civil cases arising solely under the statutes of another state. But it is now recognized that the jurisdiction of state courts extends to the hearing and determination of any civil and transitory cause of action created by a foreign statute, provided it is not of a character opposed to the public policy of the state in which the suit is brought. Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right.''

Recurring to the provision heretofore quoted from Section 20, Chapter 226, of the Act of 1917: It is there provided that the judgment may be for a lump sum ''or, in the discretion of the trial judge for periodical payments as in an award.'' And it is further provided that a ''judgment in a lump sum cannot be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under Section 4 of the act, and such *judgment may be reviewed at any time after the expiration of six months upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review.''*

Courts in Missouri can render only such judgments or so modify them after they are rendered as they may be authorized to do by the laws of Missouri. The jurisdiction of the court is determined by the law of its creation. A statute of Kansas cannot confer upon a Missouri court in a suit for money, a jurisdiction and a power wholly unknown to the Missouri code of procedure. Such a statute cannot do this directly, nor, can it do so indirectly through an attempted authorization of the Missouri court to make rules necessary and appropriate to carry out the purpose of the Kansas statute. By that

statute the right and remedy are so united, and the provision for liability is so coupled with a provision for a special remedy to be administered by a designated tribunal with certain specific powers given, that the remedy must be sought in the designated tribunal.

We are of the opinion that neither under Section 1162 of our statute, which is founded upon the principles of comity, and is also of the nature of a statutory submission to the requirements of the Federal Constitution (Cement Co. v. Gas Co., 255 Mo. l. c. 25, and cases there cited), nor, under the provisions of the Federal Constitution as construed in the cases herein mentioned, and others, was the Circuit Court of Jackson County compelled to exercise its jurisdiction in this case, and its judgment therefore is affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is hereby adopted as the opinion of the court. All of the judges concur.