RECONSTRUCTION FINANCE CORPORATION, A CORPORATION, APPELLANT, v. CLAUDE BALL, RESPONDENT, FIRST NATIONAL BANK OF MONETT, GARNISHEE.—206 S. W. (2d) 35.

Springfield Court of Appeals. October Session, 1947.

Motion for Rehearing or to Transfer. Denied November 26, 1947.

*James E. Sater,* Monett, Missouri, Attorney for appellant.

*Gardner & Gardner,* Monett, Missouri, Attorneys for respondent.

1192

BLAIR, J.—There is no question in this case but that, at the time the execution and garnishment were issued, Claude Ball, the respondent, and his former wife were indebted to appellant in a judgment of the Circuit Court of Lawrence County, Missouri, in the sum of $706.44, together with interest thereon and all the costs of suit. It is further undisputed that appellant caused an execution on such judgment to be issued, and the First National Bank of Monett, Missouri, had been served with a garnishment on such execution and funds in a sum greater than the amount of said judgment, interest and costs were found in such bank and deposited in the name of respondent.

Respondent filed in the Circuit Court of Lawrence County a motion to quash such garnishment. This motion was sustained and plaintiff appealed to this Court.

It seems that respondent and his then wife had a home in Verona, Missouri, and claimed and regarded it as a homestead. This home-stead was sold in 1944 to respondent's stepson, Clarence Lee, although no money was paid thereon until 1945, when Lee paid a substantial sum.

Respondent had no account in any bank and such proceeds, from time to time, were deposited by Lee in garnishee bank in the name of respondent's then wife. Shortly after the death of respondent's wife, all the heirs of respondent's deceased wife joined in an assignment to respondent of all the account in garnishee bank, which had previously been in the name of such deceased wife.

Respondent and his then wife had lived for a period of time in Michigan, and had returned to Missouri to live and, about the time of her death, respondent and his then wife decided to remove permanently to the State of Michigan.

It is a fair inference from all the evidence that respondent, and his then wife, intended to use the proceeds of the sale of the Missouri homestead for the purchase of a home in Michigan. It was, perhaps, on this account, in justice to respondent, and recognizing that such proceeds really belonged to respondent and were to be so used, that the heirs of respondent's deceased wife willingly assigned such deposit to him. In fact, and shortly after his wife's death, respondent had made a deposit on a home in Michigan, and it is a fair inference from the evidence that respondent intended to use the proceeds of the sale of the Missouri homestead for the purchase of a home in Michigan, and to claim the latter as his homestead in Michigan.

While appellant made several assignments of alleged error in its brief, to the effect that homestead laws have no extra-territorial effect or application and that the evidence does not show any intention on the part of respondent to establish a homestead in Michigan, Section 1400, Revised Statutes Missouri, 1939, (R. S. A. Sec. 1400) seems to us to present an insuperable obstacle to the action sought to be taken by respondent and to the sustaining of the action of the circuit court in quashing such garnishment. Section 1400, Revised Statutes Missouri, 1939, is as follows:

"Any person holding or who may hereafter hold a judgment against another, who is about to leave the state, may have an execution issued against the property and effects of such person, or any part thereof, sufficient to satisfy said judgment and all cost that has accrued or may hereafter accrue. In enforcing such execution no exemptions shall be allowed the execution debtor."

It seems to us that the provision "In enforcing such execution no exemptions shall be allowed the execution debtor," absolutely precludes respondent from asserting any exemption, even a homestead claim, against such judgment when he "is about to leave the state."

Respondent brushes this statute aside by asserting that appellant has cited no authority that it is a "person" who can claim the benefit of such statute, and by asserting that the statute does not apply anyhow, unless the debtor "is about to leave the state," since respondent had already left the state before the execution was issued.

The position of respondent is that he had the right to sell his Missouri homestead, when he intended to use the proceeds of such sale for the purchase of a homestead in another state. But what is this Court to do with said Section 1400, which says that no exemptions shall be allowed when the execution debtor is about to leave the state? Does the execution debtor have even a homestead exempt when he is about to leave the state? Does it not rather seem that exemption of a homestead is only permitted by Missouri law so long as the execution debtor remains a citizen of Missouri, and, as soon as he decides to leave Missouri, he no longer has the protection of Missouri laws from his debts?

Respondent's suggestion that appellant was not a "person" within the meaning of Section 1400, cannot be sustained in view of Laws of 1943, page 416, which authorizes a corporation to sue in any court in this state, and the numerous definitions of a corporation as a person found in our statutes (Laws of 1939, page 4620, and in 31 Mo. St. Ann. page 718). A corporation must therefore be held to be a "person," within the meaning of Section 1400, Revised Statutes Missouri, 1939.

The plain meaning of Section 1400, Revised Statutes Missouri, 1939, is that any judgment debtor loses all exemptions, whenever he seeks to move his property out of the state. The statute makes no exceptions in favor of a previous homestead. We must hold that the judgment debtor loses even his homestead exemptions, if he seeks to put the proceeds of a sale thereof beyond the reach of his creditors.

The Court does not make the laws. Its plain duty is to execute the laws as it finds them and as the Legislature has written them. (15 C. J., page 726, and Mosely v. Empire Gas and Fuel Co., 313 Mo. 225, 281 S. W. 762.)

The Legislature had the right to make a homestead exempt from execution, so long as the judgment debtor establishes and keeps his homestead in Missouri. It had the equal and undoubted right to say that the judgment debtor could have no such exemption, if he tries to remove any of his property from the state and put it beyond the reach of his creditors.

So it makes no difference what respondent's intentions were in going to another state. We cannot hold that it makes the slightest difference whether or not respondent had *personally* gone from the state before the execution was issued. It is the property of the judgment debtor, about to be taken beyond the reach of his creditors, and not his personal presence, that destroys his exemptions. No other construction of Section 1400 Revised Statutes Missouri, 1939, is possible.

So far as we can ascertain, the Courts of Missouri have never construed that section, which has been the law of Missouri since it was amended over thirty-eight years ago. (Revised Statutes Missouri, 1909, Section 2257.)

The trial court had no right to quash the garnishment, under the circumstances in this case, and, in so doing, it manifestly committed error. The judgment must therefore be reversed and the cause remanded to the circuit court for further action in that court in harmony with this opinion. It is so ordered. *Fulbright, P. J.,* absent. *Vandeventer, J.,* concurs.