Charles FERGUSON, Plaintiff–Appellee,

v.

RAM ENTERPRISES, INC. and John
Doe, Defendants–Appellants.

Supreme Court of Tennessee,
at Jackson.

May 30, 1995.

Wayne VanDeveer, Memphis, for plaintiff-appellee.

Monique A. Nassar, Baker, Donelson, Bearman & Caldwell, Memphis, for defendant-appellant Ram Enterprises, Inc.

## OPINION

DROWOTA, Justice.

The issue presented in this Rule 9, Tenn. R.App.P. interlocutory appeal is whether our decision in *Five Star Express, Inc. v. Davis,* 866 S.W.2d 944 (Tenn.1993) mandates that venue for worker's compensation cases be determined solely by Tenn.Code Ann. § 50–6–225(c)(1)—the worker's compensation venue statute—or whether, in some circumstances, venue may be determined by the general venue statute for transitory actions—Tenn.Code Ann. § 20–4–101(a)?

### FACTS AND PROCEDURAL HISTORY

The facts pertinent to this appeal are not disputed. The plaintiff Charles Ferguson, a resident of Montgomery, Alabama, was hired by Ram Enterprises, a Tennessee corporation whose principal place of business is in Memphis, to transport Ram's product by truck to various locations across the country. While engaged in a delivery for Ram in California, Ferguson suffered an injury. In November 1993 Ferguson filed a worker's compensation claim in the Shelby County Circuit Court, seeking benefits for that injury. In January 1994, Ram filed a motion to dismiss the case for lack of proper venue, arguing that because *Five Star Express* established that venue in worker's compensation cases is only proper in (1) the county in which the petitioner resides; or (2) the county in which the alleged accident occurred, venue was therefore not proper in Shelby County. Although the trial court acknowledged the holding of *Five Star,* and found that Ferguson was a resident of Alabama, that the accident had occurred in California, and that Ram was a Tennessee corporation,

it nevertheless denied the defendant's motion to dismiss. Ram applied to this Court, pursuant to Rule 9, Tenn.R.App.P., for permission to appeal from the trial court's ruling. We granted the application, and in June 1994 issued an order reversing, on the basis of *Five Star*, the trial court's ruling. Ferguson then filed a petition for rehearing, which we granted.

## ANALYSIS

Because the resolution of this case depends in large part upon our recent decision in *Five Star*, we begin with a discussion of that case. In *Five Star* Ray Davis, a resident of Dyer County, Tennessee, was employed as a truck driver with Five Star Express (FSE), a Tennessee corporation whose principal place of business was in Nashville. Davis sustained a work-related injury in New York, and after FSE's worker's compensation insurance carrier had paid temporary total disability benefits to Davis, FSE filed a worker's compensation petition in the Davidson County Circuit Court, asking the court to declare its liability to Davis. The trial court dismissed the case for lack of proper venue, holding that because Davis was not servable with process in Davidson County, the action could not be maintained in that county. We granted FSE's application for permission to appeal to address the law of venue in worker's compensation cases, an area which had engendered considerable confusion among the bench and bar for several years.[1]

We began our analysis by noting the straightforward language in Tenn.Code Ann. § 50–6–225(c)(1), which provides, in pertinent part, that a worker's compensation petition may be filed in either "the county in which petitioner resides or in which the alleged accident happens ...". We also noted that one of the general venue statutes, Tenn.Code Ann. § 20–4–101(a), provides that "[i]n all civil actions of a transitory nature, *unless venue is otherwise provided for,* the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found" (emphasis added), thus clearly illustrating that the Legislature did not intend to limit venue of all transitory actions to the options set forth in § 20–4–101(a). Therefore, we indicated that a straightforward reading of the pertinent statutes would suggest that the trial court had erred in holding that venue was improper in Davidson County—the county of the petitioner's residence.

But we also acknowledged the accuracy of the trial court's reading of the pertinent cases: both this Court and the Court of Appeals had indeed held, on several occasions, that the defendant had to be servable with process in the county in which the action was filed to establish proper venue in worker's compensation actions—even though this requirement frequently had the effect of negating the first option in the worker's compensation venue statute. Thus, we were confronted with a conundrum: why did long-standing Tennessee caselaw impose a requirement in worker's compensation venue that often negated the explicit language of the controlling venue statute?

We found the answer to the puzzle in *Chambers v. Sanford & Treadway*, 154 Tenn. 134, 289 S.W. 533 (1926), the seminal decision in the area of worker's compensation venue. In *Chambers* this Court was confronted with the issue of whether an employee could bring a worker's compensation action in Washington County, the county in which in the employer-corporation maintained an office, when that county was neither the county of the employee's residence, nor the county where the accident occurred.[2] Although the worker's compensation venue statute read exactly the same in 1926 as it does today, the *Chambers* court nevertheless held that venue was proper in Washington County.

The *Chambers* court reached this apparently anomalous result because of the existence of statutes that "localized" transitory actions to the county in which the defendant was servable with process. The court was particularly concerned with §§ 4516 and 4542 of the Shannon's Code, which effectively pro-

---

1. *See e.g.,* D. Andrew Byrne & Ted C. Raynor, *Tennessee Worker's Compensation—Where is the Proper Venue?,* 20 Mem.St.U.L.Rev. 189 (1990).

2. The employee resided and the accident occurred in Carter County.

vided that a corporation could only be sued in counties in which it maintained an office or director. This general venue requirement was extremely problematic, because if the worker's compensation venue statute were strictly construed, and if an employer corporation had no office or director in either the county in which the plaintiff-petitioner resided or the county where the accident occurred, the plaintiff would be deprived of a forum in which to assert its rights under the worker's compensation law. The *Chambers* court sought to avoid this problem, and therefore it concluded that:

> If the other statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated.

*Chambers,* 154 Tenn. at 139–140, 289 S.W. at 535.

Having identified the origins of the fusion of the worker's compensation venue statute and the general venue requirements, we sought in *Five Star* to illustrate that the rationale underlying *Chambers* was no longer valid. We first noted that the legislature had directly abrogated the *Chambers* rule in certain contexts by changing the venue and service of process rules applicable to worker's compensation insurance carriers and self-insured employers. More importantly, we pointed out that the rules of service of process with regard to corporations generally had been greatly liberalized, so that a plaintiff is now not limited to bringing an action in the county in which the corporation maintains an officer or director. Having illustrated the extent to which subsequent developments in the rules of service of process and venue had undermined the *Chambers* rule, we concluded that:

> In view of the foregoing, it is clear that the *Chambers* rationale, which has consistently undergirded this Court's opinions on this issue for over sixty years, is no longer viable. While the principle of stare decisis

demands that our prior cases not be overruled in an arbitrary or cavalier manner, that principle does not demand adherence to decisions that have become obsolete because of changes in the law or other legitimate considerations. *Therefore, we now hold that venue in worker's compensation actions is to be determined solely by the worker's compensation venue statute— § 50–6–225(c)(1)—and any other authority indicating otherwise is hereby expressly overruled.*

*Five Star,* 866 S.W.2d at 949–950 (emphasis added) (citations omitted).

In his petition to rehear, Ferguson does not dispute the soundness of the *Five Star* rationale. He concedes that the specific concerns which led the *Chambers* court to hold as it did are no longer viable and that the rule, as it was crafted in *Chambers,* needed to be abrogated. Rather, Ferguson argues that the overarching objective of *Chambers*— to provide the worker's compensation plaintiff with a forum in which to assert its rights—is still valid; and that by limiting venue in worker's compensation actions to the options specifically enunciated in § 50–6–225(c)(1), we defeat that objective by potentially depriving employees who have legitimate rights to recover under Tennessee law of an in-state forum in which to assert their claims. Ferguson suggests, moreover, that the holding of *Five Star* violates Article I, § 17 of the Tennessee Constitution—the "open courts" provision—in situations like the present case.

The defendant Ram Enterprises responds by asserting that *Five Star* means exactly what it says, and because Shelby County is neither the county of Ferguson's residence, nor the county where the accident occurred, this Court should adhere to its June 1994 order.

In order to evaluate the merits of the parties' arguments, we must first determine when plaintiffs such as Ferguson, who do not suffer work-related injuries in Tennessee, have rights to recover under Tennessee's worker's compensation scheme. That issue is addressed by Tenn.Code Ann. § 50–6–115, which provides as follows:

If an employee, while working outside the territorial limits of this state, suffers an injury on account of which such employee, or in the event of such employee's death, such employee's dependents, would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee, or in the event of such employee's death resulting from such injury, such employee's dependents, shall be entitled to the benefits provided by this chapter; provided, that at the time of such injury: (1) the employment was principally localized within this state; or (2) the contract for hire was made in this state.

Section 50–6–115 clearly establishes that if Ferguson entered into a contract for hire in Tennessee, he has a statutory right to bring an action under Tennessee worker's compensation law for the work-related injury he suffered in California, notwithstanding that he was not injured in Tennessee and does not reside in Tennessee. However, it is also clear that pursuant to *Five Star*, Ferguson is limited to filing his action either in (1) Alabama—the place of his residence; or (2) California—the place the accident occurred—to enforce this statutory right. In essence, *Five Star* makes Ferguson's ability to enforce his rights under Tennessee's worker's compensation law dependent upon the willingness of either potential "forum state" (Alabama or California) to entertain his claims.

This is problematic, because the willingness of a forum state to enforce the worker's compensation law of another state (often referred to by commentators as the "home state") varies greatly among jurisdictions. The general rule appears to be that if the worker's compensation law of the home state is administered by a commission or other administrative body, the forum state will refuse to enforce that law because of the impossibility of providing the claimant with all the benefits and services available in the home state. *See* Arthur Larson, The Law of Workman's Compensation, § 84.21; *Ray v. Aetna Cas. & Sur. Co.*, 517 S.W.2d 194 (Tenn.1974); *Bethlehem Steel Co. v. Payne*, 183 So.2d 912 (Miss.1966); *Grenier v. Alta Crest Farms, Inc.*, 115 Vt. 324, 58 A.2d 884 (1948); *Logan v. Missouri Valley Bridge & Iron Co.*, 157 Ark. 528, 249 S.W. 21 (1923).

Even in states where the worker's compensation law is not administrative, but instead is enforced through the court system (such as Tennessee), many forum states still refuse to enforce the claimant's rights. *See* Larson, § 84.25; *Martin v. Kennecott Copper Corp.*, 252 F. 207 (W.D.Wash.1918); *Mosely v. Empire Gas & Fuel Co.*, 313 Mo. 225, 281 S.W. 762 (1926); *Consolidated Underwriters v. King*, 160 Tex. 18, 325 S.W.2d 127 (1959). Other jurisdictions take a contrary view, holding that the home state's law, if not administered by a commission or other non-judicial body, is enforceable in the forum state. *See Texas Pipe Line Co. v. Ware*, 15 F.2d 171 (8th Cir.1926); *Floyd v. Vicksburg Cooperage Co.*, 156 Miss. 567, 126 So. 395 (1930).[3]

What is important for purposes of the present case, however, is not which view is more compelling; or even which one is more generally adhered to. Rather, the point is that the law on this issue is far from uniform; and that our holding in *Five Star*, if left unmodified, therefore subjects persons who have valid statutory rights to recover under Tennessee worker's compensation law to the vagaries of other states' court systems. For example, would Alabama courts choose to enforce Tennessee worker's compensation law or would they not? Would California courts enforce Tennessee law? While the answers to these questions are unclear, it is undisputable that regardless of how those states' courts would decide the issue, there is nothing that Tennessee could do to compel them to entertain the plaintiff's claims. Be-

---

**3.** Tennessee might fit into the latter category, for in *Ray v. Aetna Casualty & Surety Co.*, 517 S.W.2d 194 (Tenn.1974), a case in which this Court refused to enforce claims under Missouri law because it is administered by a commission, we stated "there is no constitutional limitation upon the power of the courts of one state to enforce the workmen's compensation law of another ..." 517 S.W.2d at 197. Thus, it could be inferred that Tennessee courts would entertain worker's compensation claims made under the law of another state if that law was not administrative.

cause we conclude that the "open courts" provision of the Tennessee Constitution prohibits the judiciary from making the enforcement of a statutorily conferred right or remedy potentially dependent on the whim of other states' judiciaries, the holding of *Five Star* must be modified to alleviate these constitutional difficulties.

■ These difficulties can best be remedied by simply holding that *Five Star* continues to control the issue of venue in worker's compensation cases, provided that a Tennessee forum is in fact available to the plaintiff under § 50–6–225(c)(1)—the worker's compensation venue statute. If, on the other hand, a Tennessee forum is not available under that statute, venue shall be determined pursuant to § 20–4–101(a)—the general venue statute for transitory actions. In that situation, the employee would be free to bring the action in the county in which the employer resides or is found.

In light of the foregoing, the June 1994 order of this Court is reversed, and the trial court's order denying the defendant's motion to dismiss is affirmed. The cause is hereby remanded to the Shelby County Circuit Court for further proceedings.

ANDERSON, C.J., and REID, BIRCH and WHITE, JJ., concur.