FRANK VERDICCHIO, as Administrator, etc., of MICHELE VER-
DICCHIO, Deceased, Appellant, *v.* McNAB & HARLIN MANU-
FACTURING COMPANY, Respondent.

First Department, April 5, 1917.

**Master and servant — Workmen's Compensation Law, State of New
Jersey — action on said statute brought in courts of this State —
failure of plaintiff to show compliance with foreign statute — pre-
liminary determination by judge of Court of Common Pleas of New
Jersey essential.**

The Workmen's Compensation Act of the State of New Jersey, which con-
fers a cause of action for the death of an employee who duly elects, to
take under said statute and to relinquish his common-law rights and
any other statutory rights of his dependents in case of his death, requires
the claimant in a death case, as a prerequisite to action on said statute,
to have the amount of the weekly indemnity and the present value
thereof first determined by a judge of the Court of Common Pleas of the
State of New Jersey. Hence, the courts of this State will not entertain
an action based on said statute where it is brought in total disregard of
all of the provisions thereof relating to a preliminary determination by
a judge of said foreign court of controversies respecting the facts and
the right of the claimant to receive a gross sum.

*It seems*, moreover, that even where such action may be maintained in our
courts, the plaintiff must show that he is a person who would be
entitled to administration on the estate of the decedent in New Jersey.

APPEAL by the plaintiff, Frank Verdicchio, as administrator,
from an order of the Supreme Court, made at the New York Spe-
cial Term and entered in the office of the clerk of the county of
New York on the 23d day of November, 1916, denying his
motion to overrule the demurrer herein and granting defend-
ant's motion for judgment on the pleadings sustaining said
demurrer and dismissing the complaint.

*Charles A. Ludlow,* for the appellant.

*Herbert H. Flagg,* for the respondent.

LAUGHLIN, J.:

The only point presented by this appeal which we deem it
necessary to decide is whether the Workmen's Compensation
Act, so called, of New Jersey, being chapter 95 of the Laws of

1911, as amended by chapter 174 of the Laws of 1913 and chapter 244 of the Laws of 1914, confers a cause of action for the death of an employee, who duly elected to take thereunder and to relinquish his common-law rights and any other statutory rights of his dependents in case of his death, to have the weekly indemnity given by the statute computed and the present value thereof determined and for the recovery thereof without applying to or action by a judge of the Court of Common Pleas of New Jersey as therein provided.  It is alleged in the complaint that the plaintiff's intestate was employed by the defendant in the State of New Jersey to work in its foundry at Paterson, in that State, where in the course of such employment and arising therefrom he met with an accident on the 25th of January, 1916, from which he died, leaving both parents him surviving who were dependent upon him for support and who reside in Italy.  Paragraph 7 of the statute provides that where its terms are accepted *compensation* for personal injuries to or for the death of an employee by accident not intentionally self-inflicted or not due to intoxication and arising out of or in the course of his employment shall be made by the employer according to the schedule prescribed by the statute.  Paragraph 11, as amended in 1913, contains a schedule of compensation for injuries, and paragraph 12, as amended in 1913 and 1914, provides a basis of payments for death.  The scheme in each instance is for weekly compensation for specified periods.  In the case of injuries where the disability is temporary or is total and permanent the compensation is a specified percentage of the wages received by the employee at the time with a maximum and minimum and is payable during the disability not exceeding a specified number of weeks, and where the disability is partial but permanent the compensation is a fixed percentage of such wages for specified periods varying for different specified injuries with a like maximum and minimum and with a general provision with respect to injuries of the class stated "or where the usefulness of a member or any physical function, is permanently impaired," providing that the compensation "shall bear such relation to the amounts stated" in the schedule "as the

disabilities bear to those produced by the injuries named in the schedule." It is further provided in that section that if the employer and employee are unable to agree upon the amount of compensation to be paid in cases not covered by the schedule the amount shall be settled by a judge of the Court of Common Pleas by a summary proceeding specially prescribed in paragraph 20. Where the accident causes the death of the employee the compensation is a percentage of such wages with a like maximum and minimum for 300 weeks depending on the number of dependents of the class specified in the statute which includes parents, but it is also provided that in the event of the death of a dependent the right to the weekly payments shall cease. It is also provided that where, as here, there is more than one dependent the distribution of the compensation shall be made among them according to an order to be made by a judge of said court who shall on an application and presentation of the facts make the determination " according to the relative dependency." Paragraph 15 requires that notice of the injury be given to the employer by the employee or dependent unless he have notice thereof and that no compensation shall be allowed unless the employer has knowledge of the injury or the notice be given within ninety days. Paragraph 18 provides that in case of a dispute over, or failure of the employer and claimant " to agree upon, a claim for compensation," either party may submit the claim both with respect to questions of fact and the nature and effect of the injuries and the amount of compensation to any judge of the Court of Common Pleas of the county " as would have jurisdiction in a civil case," and such judge is authorized " to hear and determine such disputes in a summary manner," and it is provided that " his decision as to all questions of fact shall be conclusive and binding." Paragraph 19 provides that in case of death, " where no executor or administrator is qualified," the judge shall order and direct payment to be made to such person as would be appointed administrator of the estate of the decedent " upon like terms as to bond for the proper application of compensation payments as are required of administrators." Paragraph 20, as amended in 1913, regulates the procedure in case of a dispute between the claimant and the employer and contemplates the hearing and deter-

mination by the judge of the Court of Common Pleas summarily of any question with respect to notice to or knowledge of the injury by the employer as well as other questions and for the entry of judgment on the decision and for the satisfaction thereof to the extent that installments are paid. It also contemplates that the Supreme Court may review questions of law by certiorari.

Paragraph 21, as amended in 1913, provides that on the application of either party on due notice to the other the compensation may be commuted by the Court of Common Pleas " at its present value when discounted at five per centum simple interest " if it shall appear to be for the best interest of the claimant " or that it will avoid undue expense or undue hardship *to either party,* or that such employee or dependent has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the greater part of his business or assets." The statute then enjoins upon the judge of the Court of Common Pleas, upon whom only the authority to commute is conferred, the rule to be observed in passing upon such an application, viz., " that it is the intention of this act that the compensation payments are in lieu of wages, and are to be received " by the claimant in the same manner in which wages are ordinarily paid and that, therefore, commutation " is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure." Authority is also conferred upon the judge in determining a dispute with respect to the right to compensation or the amount or commutation thereof to settle and determine the amount to be paid for legal fees and declares it to be unlawful and a contempt of court for " any lawyer or other person " to ask or to receive more.

The plaintiff brings this action in total disregard of all of the provisions of the statute which contemplate an endeavor on the part of the claimant to agree with the employer and a determination of any controversy with respect to the facts and to the right of the claimant to receive a gross sum by commutation by a judge of the Court of Common Pleas of New Jersey. The decedent elected to accept the rights and remedies given by these statutory provisions in lieu of any other right or remedy

that he or his dependents might have, and this action is predicated upon the contractual liability thereby created. As has been seen, the right of his dependents is conditioned under the statute upon either an agreement between them and his employer or a decision by the judge of the Court of Common Pleas on any dispute between them with respect to notice to or knowledge by the employer within the time specified of the injury which resulted in the death of the employee and of any other question of fact upon which the right to compensation depends. This necessarily embraces any question with respect to his employment or rate of wages, or as to whether his death was accidental arising out of and in the course of his employment and was not intentionally self-inflicted or not due to intoxication and with respect to the proportion of the compensation that should be received by each dependent and with respect to whether the compensation should be commuted into a lump sum presently payable. It appears that the defendant was incorporated under the laws of this State and it is suggested that service could not be made upon it in compliance with the statute to enable the claimants to proceed thereunder in New Jersey. Defendant conducts business in New Jersey and the contract of employment and the employment were there and decedent met his death in that State. It is to be presumed that the statute will be given a construction in the jurisdiction where it was enacted to enable those having claims thereunder to enforce them as therein provided; but if plaintiff's rights are not enforcible under the statute then it is not apparent on what theory they can be enforced here and relief under the New Jersey statute is all the plaintiff now demands. There is no objection to the maintenance of *a cause of action* in the courts of this State based on a foreign statute which does not contravene any public policy of this State. The difficulty with the plaintiff's case, on the point now under consideration, is that the foreign statute does not give an independent cause of action enforcible anywhere. It has provided an administrative remedy by prescribed procedure in New Jersey as a substitute for any cause of action that there might otherwise be and it was optional with the employee to accept it or not and he stipulated with his employer to accept it. The fact that

jurisdiction was conferred upon a judge of a court of that State to determine all controverted questions of fact and whether or not there should be a commutation of the compensation creates no greater right than the conferring of such authority on an administrative board or body created by the Legislature. No controlling decision on the point has been cited or found by us but there have been other decisions at Special Term to the same effect. (See *McCarthy* v. *McAllister Steamboat Co.,* 94 Misc. Rep. 692; *Lehmann* v. *Ramo Films, Inc.,* 92 id. 418.) Until some amount is determined upon as compensation in accordance with the statute no action can be maintained by a claimant based on the statute. Moreover if the action could be maintained here it is not at all clear that it could be enforced by the plaintiff who does not show that he is the person who would be entitled to administration in New Jersey; and, therefore, a recovery by the plaintiff might not prevent a recovery by the dependents or in their right in New Jersey.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.