JAMES HARBIS, Respondent, v. THE CUDAHY PACKING COMPANY, Appellant.

In the Kansas City Court of Appeals, May 23, 1921.

1. **ACTIONS: Litigant Having no Cause of Action in Courts of Another State Where Injury Occurred Has None in This State.** If a litigant has no cause of action in the courts of another State in which his injury occurred, he has none in this State.

2. **COURTS: Transitory Action: Transitory Cause of Action Will be enforced in any State.** The rule is fundamental that trial courts in any State will enforce a transitory cause of action accruing in another State.

3. **MASTER AND SERVANT: Jurisdiction: Relation of Employer and Employee Under Kansas Workmen's Compensation Act is Contractual: Courts of This State have Jurisdiction of Subject-Matter and Parties under Proper Personal Service.** The relation of em-

ployer and employee under the Kansas Workmen's Compensation Act is a contractual one and the courts of this State have jurisdiction of the subject-matter and parties under proper personal service.

4. ————: ————: Action under Kansas Workmen's Compensation Act Cannot be Brought or Maintained in Missouri. Where neither employer nor employee before occurrence of injury had taken any action to place himself without the operation of the Kansas Workmen's Compensation Act (Gen. St. 1915, secs. 5938, 5939), the act being itself a part of the contract of employment, section 5930 thereof, providing that no action shall be brought or maintained outside of the State of Kansas, applies and no proceeding under the act to recover compensation for an injury occurring in the State of Kansas can be brought in the State of Missouri.

5. **ACTIONS: Contracts: Jurisdiction: Stipulation that Suit Could Only be Brought in the Forum of Place of Contract is Valid.** The Compensation Act being a part of contract of employment, a provision thereof that suit could not be brought anywhere except in the forum of the place of the contract is valid.

6. ————: **Statute Creating Right of Action May Impose Condition that Action Thereon Shall bə Brought Only in Local Courts.** A statute which creates a right of action may impose the condition that an action thereon shall be brought only in the courts of the State.

Appeal from the Circuit Court of Jackson County.—*Hon. O. A. Lucas*, Judge.

REVERSED.

*L. A. Laughlin* for respondent.

*McFadden & Claflin* and *New, Miller, Camack & Winger* for appellant.

ARNOLD, J.—This is an action for personal injuries sustained by plaintiff while in the employ of defendant. Trial in the circuit court of Jackson county, without a jury, resulted in a judgment on declarations of law and fact in favor of plaintiff, in the sum of $222. Defendant perfected its appeal to the Supreme Court on the ground

that a constitutional question was involved, but that court did not so find and sent the case here by mandate.

Plaintiff received an injury to his right index finger while operating a meat-slicing machine in defendant's plant in Armourdale, Kansas. He instituted his suit in the circuit court of Jackson county, Missouri, alleging that for said injury he was entitled to receive the sum of $464.50 under and by virtue of the Workmen's Compensation Act of Kansas, parts of which he pleads in his petition. He admits that he received compensation under said Act for temporary total disability, and claims he is entitled to 50% of his average weekly wages for a period of 37 weeks, which latter claim is the basis of this suit.

The defendant in its supplemental answer and plea in bar, in substance, contends that it is not liable under the provisions of the Workmen's Compensation Act and especially under that portion of said Act which reads as follows: "No action or proceeding provided for in this act shall be brought or maintained outside of the State of Kansas." [Sec. 5930, Gen'l. Stat. Kans., 1915.] Further defendant contends that under section 24 of the Act, defining procedure in arbitration, plaintiff is without right to maintain any action in court until, and unless, an attempt at arbitration has first been made.

The first and principal contention urged by defendant in this court is that a circuit court of Missouri has no jurisdiction of this cause and cites section 20 of the Workmen's Compensation Act of Kansas, providing that "no action or proceeding provided for in this act shall be brought or maintained outside of the State of Kansas." This was section 36, chapter 218, Session Laws of Kansas, 1911. The original act of 1911 was amended in some respects by chapter 216, Session Laws of 1913. In sections 11 and 20 of the amended act of 1913, the same clause was retained *verbatim*. [Sec. 5930, supra.]

In Cook v. Hines, Director General, decided at this term, and not yet reported, this court held: "It cannot be successfully contended that plaintiff had not the right in law to institute his suit in Missouri; and if he does

so, the laws of the State where the accident occurred determine whether or not any cause of action exists for and on account of the accident." [Citing Keele v. Railroad Co., 258 Mo. 62, 167 S. W. 433; Yost v. Railroad, 245 Mo. 219, 149 S. W. 577; Newlin v. Railroad Co., 222 Mo. 375, 121 S. W. 125.] In administering the laws of another State we administer them and not our own laws. The reason therefor being that if a litigant has no cause of action in the courts of the State in which his injury occurred, he has none here. It behooves us, therefore, at the threshold of this case to determine the construction placed upon the particular question complained of by defendant by the courts of the State of Kansas where the injury is alleged to have occurred.

The Kansas Courts have held that the relation between employer and employee established by the Workmen's Compensation Act of Kansas is contractual. In Shade v. Lime & Cement Co., 144 Pac. (Kans.) l. c. 250, the court held: "Briefly it may be said that the operation of the system of compensation provided by the statute rests upon the free consent of the employer and employee, given in the manner provided by the act. 'Being elective, the act does not become effective as to any employer or employee, unless such employer or employee chooses to come within its provisions. Having once elected to come within the provisions of the act, as long as such election remains in force, the act is effective as to the party or parties making the election, and in case an employer and an employee both elect to come within the provisions of the act, the act itself then becomes a part of the contract of employment and can be enforced between the parties, as such.' [Deibeikis v. Link-Belt Co., 261 Ill. 454, 465, 104 N. E. 211, 216.]"

The rule is fundamental that trial courts in any State will enforce a transitory cause of action accruing in another State, and has been so held by the United States Courts and Supreme Courts of various States. It will not be necessary to quote from these decisions, but reference is made to the following: Northern Pacific

Railroad Company v. Babcock, 154 U. S. 190; Herrick v. Railway Co., 31 Minn. 11; Dennick v. Railroad Co., 103 U. S. 11, 17; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593; Huntington v. Attrill, 146 U. S. 657. We, therefore, hold that the relation of employer and employee under the act in question is a contractual one and that the Missouri courts have jurisdiction of the subject-matter and parties under proper personal service.

The testimony tends to show that plaintiff had been in the employe of defendant company on two occasions, the last employment beginning in the month of June, 1916, and that the accident occurred July 20, 1917.

Section 5938, General Statutes of Kansas, provides: "All employers as defined by and entitled to come within the provisions of this act, shall be presumed to have done so unless such employer shall file with the Secretary of State at Topeka, Kansas, a written statement that he elects not to accept thereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the Secretary of State. Notice of such election shall be forthwith posted by such employer in conspicious places in and about his place of business."

And section 5939 of said statute provides: "Every employee entitled to come within the provisions of this act shall be presumed to have done so unless such employee shall file with the Secretary of State, before injury, a written declaration that he elects not to accept thereunder and thereafter any such employee desiring to change his election shall only do so by filing a written declaration thereof with the Secretary of State. Any contract wherein an employer requires of an employee as a condition of employment that he shall not elect to come within the provisions of this act shall be void."

The testimony tends to show that neither employer nor employee in this case filed with the Secretary of State, before the injury complained of occurred, this declaration electing not to accept under the act; that neither had taken any action to place himself without the operation

of the said law; and therefore both are presumed to have been operating under the contract of employment as defined by the act. Having, therefore, accepted such contract, plaintiff may not be permitted to institute his suit outside the State of Kansas in direct violation of one of the express covenants thereof. For the act being itself a part of the contract of employment, then that provision thereof forbidding suit to be brought outside of Kansas is a part of the contract and cannot be disregarded. Indeed, it can readily be seen that one of the inducements which would lead one of the parties to elect to come under the act is the important consideration that if a controversy should unfortunately arise between the parties to the contract, suit could not be brought anywhere except in the forum of the place of contract. It is well settled that parties may so contract if they choose. [15 C. J. 739; Daley v. People's Building etc. Assn., 178 Mass. 13; Mittenthal v. Mascagni, 183 Mass. 19; Greeve v. Aetna Live Stock Ins. Co., 30 N. Y. Supp. 668.] The right of action sought to be enforced is that arising under the Workmen's Compensation Act of Kansas. A statute which creates a right of action may impose the condition that an action thereon shall be brought only in the courts of the State. [Lessenden v. Missouri, etc. R. Co., 238 Mo. 247, 260.] A writ of error against the cast just cited was denied by the United States Supreme Court. [225 U. S. 696.]

Inasmuch as the case must be reversed on the point above discussed, defendant's second contention mentioned above need not be determined. In accordance with the views expressed we find the trial court erred in overruling defendants' plea in bar. The judgment is reversed.

All concur.