## SMITH v. SAMUEL T. GATELY MARBLE & GRANITE WORKS et al.[*]
### No. 15011.

Court of Appeal of Louisiana. Orleans.

Dec. 10, 1934.

Chas. J. Larkin, Jr., of New Orleans, for appellants.

Quintero & Ritter, of New Orleans, for appellee.

LECHE, Judge.

Malcolm Smith, deceased husband of plaintiff, was employed by the Samuel T. Gately Marble & Granite Works, a commercial copartnership, as a truck driver and laborer. His duties required him to perform the cemetery work for defendants, such as grave digging, removal of trash and débris, and hauling. Orders for the work were given by Mr. Leonard Gately, active member of the firm, to Morgan Brown, who had been in the employ of defendants for fifteen or eighteen years and who transmitted the orders to Smith and the other workmen and who actively supervised the work. Mr. Leonard Gately frequently visited the cemetery himself to inspect the work being done and on these occasions gave instructions to the men himself. On the 29th day of November, 1933, while in defendant's employ and while engaged in clearing débris and loading a truck in the Greenwood Cemetery, plaintiff's husband stepped on a nail which was protruding from a piece of old coffin wood and which punctured his right foot. He sat on the coping of an adjoining grave, removed his shoe and sock, and Gabriel Sims, a fellow workman also in defendant's employ, beat the injured foot with a stick to make it bleed. Morgan Brown, who was engaged in digging the grave where the injury occurred, witnessed the incident, and testified that his helper, Gabriel Sims, assisted in removing the nail. Plaintiff's husband continued with his work that day and for several days thereafter, when he became so ill that Morgan Brown advised him to go to the hospital. Meantime he had treated his injury by the application of fat meat. On December 5th plaintiff took her husband to Charity Hospital, where he died four days later from tetanus caused by the wound he received as above set forth. Plaintiff then brought this suit under the Workmen's Compensation Law against the copartnership and the individual members thereof, and judgment was rendered in her favor in the sum of $4.22½ per week for 300 weeks, beginning

*Rehearing denied January 7, 1935.

December 7, 1933, with interest, costs, and $150 for funeral expenses. From this judgment the defendants have appealed.

The defense is based on the proposition that defendants received no notice of the injury and were prejudiced thereby and that for this reason plaintiff is barred from recovery.

Section 11, pars. 1 and 2, and section 15, par. 1 of the Workmen's Compensation Law, Act No. 20 of 1914 (as amended), read as follows:

"Section 11. 1. Be it further enacted, etc., That no proceeding under this act for compensation shall be maintained unless notice of the injury shall be given to the employer within six months after the date of injury or death. No such notice shall be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Such notice may be given or made by any person claiming to be entitled to compensation, or by any one in his behalf.

"2. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, or his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice." Section amended and re-enacted by Act No. 247 of 1920, p. 473.

"Section 15. 1. Be it further enacted, etc., That a notice given under the provisions of Section 11 of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, or his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

■ We are convinced that Morgan Brown, who was present when the injury occurred, was the agent or representative of defendants within the meaning of that portion of the law quoted above. The deceased was an ignorant Negro, who did not realize the probable consequences of so slight an injury and did all within his power to avoid the result. There was sufficient notice to the employer to enable plaintiff to bring this suit under the Workmen's Compensation Law.

■ The act provides:

"The employer shall pay or cause to be paid reasonable expenses of the burial of the employee, not to exceed $100.00 and the reasonable contingent expenses in connection therewith not to exceed $50.00." Act No. 242 of 1928, p. 357, § 8, subd. 5.

In view of this provision and in further view of the fact that the record discloses no contingent expenses, we believe that the judgment of $150 was unwarranted, and that plaintiff is entitled only to reasonable funeral expenses in the sum of $100.

■ As the record shows that plaintiff received Smith's regular salary for the week ending December 9, 1933, we believe that compensation should run from that date, rather than December 7th, as fixed by the trial judge.

For the reasons assigned the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Mrs. Beulah Consee, widow of Malcolm Smith, and against the defendants, Samuel T. Gately Marble & Granite Works, Mrs. Caroline Gately, widow by first marriage of Dudley Bozeman and now wife of Ennis A. Seagrave, Dr. Tracy T. Gately, and Leonard E. Gately, in solido, in the sum of $4.22½ per week for 300 weeks, beginning December 10, 1933, with interest thereon at the rate of 5 per cent. from the respective dates when said payments became due.

It is further ordered, adjudged, and decreed that there be judgment herein in favor of said plaintiff and against the said defendants, in solido, in the sum of $100. Defendants to pay all costs.

Amended and affirmed.