## FEDERAL UNDERWRITERS EXCHANGE v. DOYLE.*

### No. 3112.

Court of Civil Appeals of Texas. Beaumont.

Dec. 3, 1937.

Rehearing Denied Dec. 8, 1937.

Battaile Burr & Holliday, of Houston, and John H. Benckenstein, of Beaumont, for plaintiff in error.

David E. O'Fiel, of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee.

In district court of Jefferson county, on trial to the court without a jury on the 4th day of January, 1936, appellee, Sam Doyle, was awarded judgment against appellant, Federal Underwriters Exchange, for the sum of $574, with interest at 6 per cent. per annum from date of judgment, under the provisions of the Burke-Roberts Employers' Liability Act, Act No. 20 of 1914 (as amended), of the state of Louisiana. It was alleged that appellant was the compensation insurance carrier, appellee the employee, and Republic Iron & Metal Company the employer. The employer was also a party defendant; judgment was in its favor sustaining its demurrers, general and special.

The employer was a Texas company with its principal place of business in the city of Beaumont, Tex.; as such, appellant issued to it a policy of compensation insurance under the provisions of the Texas Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.). This policy excluded from its coverage "any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached." The Louisiana Liability Act was not "cited" in any indorsement attached to the policy. Neither appellant nor the employer had a permit to transact business in Louisiana. Without the permit, the employer undertook to perform certain work at Starks, La., carrying its employees from Beaumont. On complaint from the Louisiana authorities, the employer released its Texas employees and employed Louisi-

*Opinion supplemented on rehearing 111 S.W.2d 742

ana laborers. Appellee was one of the Louisiana employees, and was injured in the course of his employment. The court found and recited in its judgment the following facts: "The Court having heard the pleadings, and the evidence, together with the argument of counsel thereon, and being fully satisfied as to the law in the premises, is of the opinion that the plaintiff, Sam Doyle, sustained an injury on or about February 18th, 1935, while employed by the Republic Iron & Metal Company at Starks, Louisiana under a contract of employment entered into between the said premises, Republic Iron & Metal Company and the said Sam Doyle, and that the said Sam Doyle was injured in the course of his employment, and that at the time that he was so employed as aforesaid and received his said injury, the said Republic Iron & Metal Company was a subscriber to the Workmen's Compensation Act of the State of Louisiana and had elected and exercised its option of providing for the payment of Workmen's Compensation insurance to its said employees, and that the said Republic Iron & Metal Company had provided for the payment of workmen's compensation benefits to its injured employees at said time and place under a policy issued to it by the defendant, Federal Underwriters Exchange, and that as result of the said injury so sustained, the said Sam Doyle will be temporarily totally disabled for a period dating from said injury up until the present, and up until September 6th, 1936, a total of 81 weeks, and that thereafter the said Sam Doyle will be permanently partially incapacitated as compared to the loss of the use of his left foot of 35% for the remainder of the statutory term for which compensation is payable or 44 weeks."

Appellant presents only two points: (1) The court erred in retaining jurisdiction of this case as against its exception; (2) under the undisputed evidence appellant had not issued to the employer a policy of insurance under the provision of the Louisiana Liability Act; on the contrary the policy issued by it to the employer affirmatively excluded from its coverage the Louisiana Liability Act. We sustain both of these propositions.

Johnson v. Employers Liability Assur. Corp. (Tex.Civ.App.) 99 S.W.2d 979, writ refused, is directly in point, supporting appellant's proposition that the trial court was without jurisdiction to enforce the provisions of the Louisiana Liability Act.

On the second point appellant does not contend that the original policy, when issued by appellant, afforded protection to the employer and its employees under the Louisiana Liability Act, but insists that appellant is estopped to deny a Louisiana coverage. On the issue of estoppel, the facts are as follows: When the employer began its Louisiana operations it gave due notice to appellant by a telephone conversation. Mr. Horwitz, the employer's secretary, testified:

"In January, 1935, we had occasion to make an expedition, or engage in business, over around Starks, Louisiana, and before doing so, we took it up with our compensation carrier, Federal Underwriters Exchange. I put in a long distance telephone call and spoke to the manager, Mr. Mohrle. He sent me a letter from Galveston, through the mail. * * * . After this injury, I told Sam Doyle that he would get compensation. I told him I carried compensation insurance and I would report his injury to the Federal Underwriters Exchange, and he agreed to accept it, because he did accept it. I talked to Mr. Mohrle over long distance at Galveston and told him we were going to Louisiana and handle this junk and I wanted to know whether our policy would cover it. In the conversation, I don't know whether I told him I was going to hire men in Louisiana or not. I don't remember. It is most likely that I told Mr. Mohrle that I would hire men over there, because we generally hire men on the job. * * *

"Q. Do you recall during the progress of that work about how long it took to do it? A. It took just about a month.

"Q. Just about a month? A. Yes, sir.

"Q. Now, Mr. Horwitz, during the work over there you carried most of your labor over there with you, didn't you, negroes? A. Yes.

"Q. And you had some trouble over there with the relief, did you not? A. Yes, sir.

"Q. And didn't you agree with that community over there that you would return those negroes back to Beaumont and hire some of those Starks people to help them out? A. Yes, sir.

"Q. To help the relief situation? A. Yes sir.

"Q. In your statement here you say you only had the one conversation with Mr. Mohrle. A. Mr. Mohrle, yes, sir, only one conversation.

"Q. And you did not recall that you ever advised him that you were hiring men in Louisiana? A. No sir, I do not."

Mr. Mohrle, named by Mr. Horwitz in his testimony, wrote the following letter:

> "Federal Underwriters
> "Attorney
> "Federal Underwriters Exchange
> "Medical Arts Building
> "Galveston, Texas
>
> "January 15, 1935
>
> "Mr. Max Horwitz, Secretary
> "Republic Iron & Metal Company
> "Beaumont, Texas
>
> "Dear Sir: Confirming telephone conversation today, this is to advise that we consider your present Workmen's Compensation and Public Liability Insurance policy adequate to cover your operations at Starks, Louisiana.
>
> "It is our understanding that these operations are purely temporary and will be completed within a period of about three weeks.
>
> "We would appreciate your instructing whoever will be in charge of these operations to see that any accident which may occur are reported immediately to this office. This will be a very important item in properly protecting and servicing your account for these particular operations.
>
> "We would suggest that you be careful in the selection of employees locally to see that none of them are beyond the age limit, which would make it safe for them to work at this type of labor and it would also be well to question each as to his general health, eyesight, possibilities of hernias, etc.
>
> "We anticipate that Mr. Weighley, our Safety Engineer, will be in Beaumont in the next few days and it is entirely possible that he will be able to spend some time with you on this Louisiana operation.
>
> "Very truly yours,
> "Federal Underwriters
> "By C. A. Mohrle (Signature)
> "C. A. Mohrle, Pres.
> "cc Mr. H. C. Weighley."

In explanation of this letter, Mr. Mohrle gave the following testimony: "Mr. Horwitz phoned the office (at Galveston) advising that he had a job at Starks, La. and asking whether or not we could issue a policy in Louisiana. I informed him we could not; that we were not licensed in La. During the conversation he advised me that the job was of short duration and I advised him that if his labor was taken from Texas into Louisiana his Texas policy would adequately cover it. I do not recall that anything was said about their employing men in Louisiana, but I advised him the labor would have to be employed in Texas."

◼ Conceding that Mr. Mohrle's letter was ambiguous, his testimony makes it certain that it was his intent to make the Texas policy cover the employer's operation in Louisiana. He could not lawfully issue a Louisiana policy, but section 19 of article 8306 (as amended [Vernon's Ann. Civ.St. art. 8306, § 19]), reading as follows, gave him the right to cover Texas employers, working temporarily in Louisiana: "If an employee, who has been hired in this State, sustained injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas."

◼ Under the testimony, written and oral, appellant's policy was limited to the provisions of the Texas Workmen's Compensation Act, and it is not estopped to deny its coverage under the Louisiana act.

Appellant made certain payments to appellee on report of his injury, but ceased making these payments when it was informed that he was a Louisiana and not a Texas employee. These payments, made under a mistake of fact, did not operate as an estoppel. Appellee invokes the Louisiana act, which denies any probative force to the payments; section 18, subsec. 5 of the Louisiana act (as amended by Act No. 85 of 1926, § 1), reads: "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this act."

Appellee prayed for relief only under the Louisiana act, under which he has no cause of action. The judgment in his favor is reversed, and judgment here rendered for appellant. What we have said necessarily supports the judgment of the lower court sustaining the demurrers of the employer.