## HUMMEL v. WELLS PETROLEUM CO.
### No. 7192.

Circuit Court of Appeals, Seventh Circuit.

May 3, 1940.

George Langdon Cooper, of Chicago, Ill., for appellant.

Martin J. McNally, of Chicago, Ill. (John J. Kennelly, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from a decree in favor of the plaintiff on his bill in equity as trustee in bankruptcy of the estate of Charles Schroeder doing business as Interstate Milk Transportation Company. The bill sought to set aside an assignment of accounts receivable alleged to have constituted a preferential transfer voidable under the Bankruptcy Act, and to have certain moneys which had been deposited with the clerk of the court delivered to him. Motions to dimiss or to transfer to the law calendar for jury trial were filed by appellant, and upon the overruling of these motions and a rule to answer or otherwise plead to the complaint, and appellant's election to stand on its motion, the complaint was taken as confessed. The case therefore is presented only upon the pleadings.

The bill of complaint alleged that on December 1, 1938, the bankrupt executed an agreement with appellant as set out therein. According to the terms of this agreement Schroeder assigned to appellant all moneys then due or to become due upon his running account with Sidney Wanzer and Sons, and authorized appellant to take any steps necessary to collect the same. Consideration for the agreement lay in the forbearance of appellant to enforce payment of an unspecified amount of notes of Schroeder then in default, and its acceptance of new notes in lieu thereof, and Schroeder's continuing to purchase all his gasoline requirements on a C. O. D. basis so long as any of the notes remained unpaid. The agreement did not recite either the amount then due appellant for which the assignment was made, or the amount due from Wanzer and covered by the assignment. Notice of the assignment was accepted by Wanzer on December 14, 1938. On February 16, 1939, a petition in involuntary bankruptcy was filed against Schroeder, and on May 17, appellee was elected trustee in bankruptcy. The complaint further alleged that pursuant to an order consented to by both parties, the sum of $4,025 received by the receiver of the bankrupt from Wanzer had been deposited with the clerk of the court to await the determination of the validity of the assignment in a plenary action, and that the transfer was voidable under sections 60, sub. a, and 60, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b, for reasons alleged in the bill as set forth in the margin.[1] In the alternative, the bill al-

---

[1] "(a) The assignment was made on December 1, 1938, within four months before the filing of the petition in bankruptcy on February 16, 1939.

"(b) The assignment was made while * * * the bankrupt, the assignor was insolvent and indebted to the defendant * * * and various other creditors of the same class upon unsecured indebtedness, provable in bankruptcy.

"(c) The effect of such transfer would be to enable * * * (appellant) to obtain a greater percentage of its debt than other creditors of the bankrupt of the same class, as the defendant, and creditors with priority in classification.

leged that the transfer was void under § 67, 11 U.S.C.A. § 107, for reasons as set forth in the margin.[2] Subsequently the last paragraph set forth, (e), was withdrawn by leave of court. The bill prayed that the assignment be adjudged to be preferential or fraudulent, and that the money deposited with the clerk be ordered delivered to appellee.

In response to this bill of complaint, appellant filed its joint and several motions to dismiss for want of equity, or because the allegations of the complaint pleaded conclusions of law and did not set out clearly the facts relied upon to show the fraud alleged. Appellant also moved that if the bill were not dismissed, it should be transferred to the law calendar for trial by jury. While these motions were pending, appellant filed its motion for summary judgment in its favor based on the ground that appellee had filed the suit at the request of certain creditors without obtaining any facts to justify it, and that he was not then aware of any such facts excepting the execution of the assignment within four months of the adjudication in bankruptcy which appellant did not deny. In support of this motion, appellant filed the affidavit of its vice-president based solely on belief as to several material facts. The affidavit was struck and the motion for summary judgment denied; appellee was permitted to withdraw that part of his bill of complaint in which he alleged that the transfer by assignment was made with actual intent to hinder, delay or defraud

existing and future creditors of the bankrupt, and to amend the bill by charging violation of sections 67d (2) (a), (b) and (c), of the Bankruptcy Act instead of sections 67d (1), (2), (3) and (4). Appellant's motions to dismiss or for jury trial were denied; it was ruled to plead to the complaint, and upon its refusal to do so, and its election to stand upon its exceptions to the court's ruling upon the joint and several motions, the complaint was taken as confessed by appellant and decree entered accordingly, declaring the assignment void, and directing the clerk to deliver the $4,025 theretofore deposited with him to appellee.

Appellant raises the same questions before this court as were raised in the court below, namely, its right to jury trial of the issues, its right to have the allegations as to fraudulent conveyance and voidable preference stricken for insufficiency and for pleading conclusions, and its right to summary judgment on the affidavit filed in support of its petition.

As to appellant's contention that the suit should have been transferred to the law calendar for trial by jury because appellee had an adequate remedy at law, we agree with appellee that in fact there was no such adequate remedy at law. While it appears that the appropriate form of action for the ordinary suit to recover preferences is by suit at law (Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 51, 77 L.Ed. 185, and cases cited in footnote 3, pro and contra), if facts are present which are not present

---

There are not sufficient funds or assets in the hands of plaintiff, as such trustee in bankruptcy, to pay the claims of creditors of the bankrupt of the same class as * * * (appellant) and creditors with priority in classification.

"(d) The defendant or its agents, at the time when the transfer was made, had reasonable cause to believe that * * * (bankrupt), its debtor, was insolvent, and that it, * * * (appellant) was obtaining a preference."

[2] "(a) The assignment * * * was made within one year prior to the filing of the petition in bankruptcy.

"(b) At the time of such transfer, there existed creditors of * * * (bankrupt). The transfer was made without fair consideration, in that the credits assigned greatly exceeded any debt then due from the bankrupt * * * to the defendant * * *. The bankrupt was, at the time of such transfer, insolvent.

"(c) * * * After such transfer, oth-

er persons became creditors of the bankrupt * * *. The transfer was made without fair consideration by * * * (bankrupt) while it was then engaged in the milk transportation business, for which the property remaining in his hands was an unreasonably small capital.

"(d) * * * After such transfer, other persons became creditors of the bankrupt. The transfer * * * was made without fair consideration, in that the value of the credits assigned exceeded the debt from the bankrupt to the assignee, the defendant * * *. At the time of such transfer, the bankrupt intended to incur or believed that he would incur debts beyond his ability to pay as they matured.

"(e) * * * Such transfer was made with actual intent to hinder, delay or defraud the existing and future creditors of the bankrupt."

in the ordinary suit, they may result in the inadequacy of the remedy at law. "The question whether remedy must be by action at law or may be pursued in equity notwithstanding objection by defendant depends upon the facts stated in the bill." Schoenthal v. Irving Trust Co., supra. The Court said in that case that the action must be at law, "in absence of a clear showing that a court of law lacks capacity to give the relief which the allegations show plaintiff entitled to have * * *." We think the facts here presented do make clear the inadequacy of the remedy at law. The assignment had not been consummated by payment to the assignee of the accounts assigned—in fact, the moneys had been paid to the bankrupt's receiver and by agreement delivered to the clerk of the court. It is difficult to determine just what remedy at law appellee was expected to pursue. He could not sue appellant for a money judgment, because appellant did not hold, and never had held any moneys belonging to the bankrupt. The money remained in the custody of the court, on deposit with its clerk. The primary relief prayed by appellee was the avoiding of the transfer alleged to be preferential. We think that appellee was correct in asking for equitable relief, and find no error in the action of the court in denying the motion to dismiss for want of equity, and in refusing to transfer to the law calendar for jury trial.

■■■ Appellant contends that the bill of complaint should be stricken because it pleads conclusions rather than facts, or that appellee be ordered to make a more definite statement. We cannot agree with this contention. The new Federal Rules of Civil Procedure (Rule 8), 28 U.S.C.A. following section 723c, prescribe a short and plain statement of the claim showing that the pleader is entitled to relief. We are of opinion that the pleading complained of sufficiently complied with the requirement of the rule and that it stated ultimate facts, not conclusions. See Moore's Federal Practice Under The New Rules, Vol. I, § 8.07, p. 546. As to the demand for a more definite statement, that is a matter which rests in the sound discretion of the trial court, and the denial of the motion does not constitute error. See Moore's Federal Practice, Vol. 1, § 12.07, p. 656.

■■■ While the court had the cause under advisement under the various motions filed by appellant, it filed another, for summary judgment. We are of opinion that the affidavit in support of the motion did not furnish a basis for the relief demanded. It did not even purport to be based on personal knowledge as to several material issues. Moreover, it was clear that the bill of complaint raised genuine issues as to material facts, hence the court was not required to render summary judgment in favor of appellant. Its action, therefore, in ordering appellant to answer or otherwise plead to the complaint was correct. Appellant was thus given opportunity to plead to the issues raised by appellee's complaint and to have full hearing on the issues raised by the pleadings. Upon its refusal to proceed thus, and its election to stand on its exceptions to the court's rulings on its motions, the court had no recourse but to enter judgment in favor of appellee. Appellant contends that this presents an anomaly in that it results in the entry of judgment on an unverified complaint couched in the general language of the statute when the facts were actually denied under oath in two affidavits which detailed at least sufficient facts to present a prima facie defense. However, it is to be noted that under the New Rules, verification is the exception and not the rule, and Rule 11 only requires the *signing* of all pleadings, motions and papers. See Moore's Federal Practice, Vol I, § 11.01, p. 616. Hence the presence or absence of the verification is, of itself, of no significance except in those cases where the statute does require it. Here we have a duly signed complaint which we have held was properly held good by the District Court. To this complaint, appellant chose not to answer, but instead, to rely on various motions, supported by affidavits properly held insufficient for their purposes. Instead of using the facts set up by them as an answer to the merits, appellant decided not to proceed to the merits. Under these circumstances, he may not now be heard to complain of the court's action in entering judgment against him.

Decree affirmed.