## FRANZEN v. E. I. DU PONT DE NEMOURS & CO., Inc.

No. 1070.

District Court, D. New Jersey.

Jan. 15, 1941.

Abraham J. Slurzberg, of Jersey City, N. J., for plaintiff.

Katzenbach, Gildea & Rudner, and Louis Rudner, all of Trenton, N. J., for defendant.

FORMAN, District Judge.

The complaint in the above case was filed on August 2, 1940. It alleges that plaintiff is the widow of George Franzen who was fatally injured on August 6, 1939, while employed by the defendant at Baton Rouge, Louisiana. Compensation is sought in this court under the Employers' Liability Act of Louisiana. It is asserted that by virtue of the death of the decedent the plaintiff as his sole dependent is entitled under the Louisiana Act to weekly payments of $14.30 for a period of 300 weeks from August 7, 1939.

The defendant moves to dismiss on the following grounds:

1. The complaint does not show that $3,000 is involved.

2. Under the Employers' Liability Act of Louisiana the courts of that state alone have jurisdiction of actions thereunder.

3. The complaint under the Louisiana Act should have been verified.

Under the Employers' Liability Act of Louisiana, Act No. 20 of 1914, as amended, Act No. 242 of 1928, it is provided that:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee * * *, a weekly sum as hereinafter provided, for a period of three hundred weeks. * * *" Sec. 8(2).

"The marriage or death of any dependent shall terminate payments to such dependent, but shall not affect payments allowed other dependents. * * *" Sec. 8(2) (F).

It is to be observed that the amount demanded for a period of 300 weeks would amount to $4,290. On the other hand if the amount of recovery should be limited to the amount due at the filing of the complaint plaintiff would be entitled to a judgment for the sum of $729.30. In addition, it should be noted that under the above quoted statute marriage or death of the beneficiary terminates compensation payments.

The cases of Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 19 F.2d 117 and Shabotzky v. Massachusetts Mutual Life Ins. Co., D.C., 21 F.Supp. 166, relied upon by defendant are distinguishable because only accrued compensation benefits in amounts less than $3,000 were demanded. Defendant's citation, La Vecchia v. Connecticut Mutual Life Ins. Co., D.C., 1 F. Supp. 588, is more analogous because there the plaintiff sought the accrued monthly installment as well as "monthly installments of $50 thereafter". These payments were to continue so long as plaintiff was disabled. The jurisdictional, monetary prerequisite, if based upon the life expectancy of plaintiff, would be present. The court, however, concluded that the complaint showed that in no event could plaintiff have judgment for the whole period of his life expectancy, because on the face of the complaint the total and permanent disability clause obligated the defendant to pay installments only during continuance of disability.

Hence, it concluded that $3,000 was not involved.

In the State of Louisiana a judgment for weekly payments under the Liability Act until death or remarriage of the plaintiff is erroneous. Laurent v. Dendinger, 13 La.App. 234, 126 So. 600, 127 So. 755. A proper judgment is for the payment of these benefits for the full period of 300 weeks. Smith v. Samuel T. Gately Marble & Granite Works, La.App., 157 So. 802. And the fact that a condition subsequent—marriage or death—will operate as a forfeiture of future benefits, and, hence, lessen the amount ultimately to be paid, is immaterial. Brotherhood of Locomotive Firemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219.

We conclude that since the complaint demands compensation at the weekly rate of $14.30 for a period of 300 weeks, or a total sum of $4,290, that the jurisdictional, monetary prerequisite is present, and this notwithstanding the fact that these payments are conditioned upon the life and widowhood of the beneficiary.

The next contention is that the courts of Louisiana have exclusive jurisdiction over actions under its Liability Act. This argument is based upon the premise that the right of action and the remedy therefor are so inseparably united that the right cannot be enforced except in the manner and before the tribunal designated by the act.

Defendant submits the following cases wherein the courts of one state refused to apply the compensation acts of other states: Johnson v. Employers Liability Assur. Corp., Tex.Civ.App., 99 S.W.2d 979; Federal Underwriters Exchange v. Doyle, Tex. Civ.App., 110 S.W.2d 618 (Suits brought under Louisiana Act dismissed in Texas); Davis v. Swift & Co., 175 Tenn. 210, 133 S.W.2d 483 (Suit brought under Florida Act dismissed in Tennessee); Logan v. Missouri Valley Bridge & Iron Co., 157 Ark. 528, 249 S.W. 21 (Arkansas declined to apply Oklahoma statute); Mosely v. Empire Gas & Fuel Co., 313 Mo. 225, 281 S.W. 762, 45 A.L.R. 1223; Harbis v. Cudahy Packing Co., 211 Mo.App. 188, 241 S. W. 960 (Suits brought under Kansas Act dismissed in Missouri); Resigno v. F. Jarka Co., 221 App.Div. 214, 223 N.Y.S. 5; Verdicchio v. McNab & Harlin Mfg. Co., 178 App.Div. 48, 164 N.Y.S. 290 (Suits brought under New Jersey Act dismissed in New York).

The Supreme Court has held that a state cannot create a transitory cause of action, and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction, Tennessee Coal, Iron & R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997, L.R.A.1916 D, 685 (Suit may be brought in Georgia under Alabama personal injury statute); Atchison, Topeka & Sante Fe Ry. Co. v. Sowers, 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695 (Suit may be brought in Texas under personal injury statute of the Territory of New Mexico). Incidentally, it should be noted that the courts of New York in the case of Barnhart v. American Concrete Steel Co., 227 N.Y. 531, 125 N.E. 675, held that suit may be brought in New York under the New Jersey Compensation Act, this conclusion being contrary to the holdings in the cases of Resigno v. F. Jarka Co. and Verdicchio v. McNab & Harlin Mfg. Co., supra.

Johnson v. Employers Liability Assur. Corp., supra, followed in Federal Underwriters Exchange v. Doyle, supra, is the only case we have found in which a state (Texas) has declined to permit a suit under the Louisiana Compensation Act, and therein particular emphasis was given to the policy of the State of Texas.

Suits under the Louisiana Act have been permitted in the Federal courts, United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453, certiorari denied 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1337 (Suit under Louisiana Act removed to federal court from Texas state court and permitted); Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171, certiorari denied 273 U.S. 742, 47 S.Ct. 335, 71 L.Ed. 869 (Suit under Louisiana Act removed to federal court from Arkansas state court and permitted); McLaughlin v. Western Union Telegraph Co., D.C., 7 F.2d 177, affirmed 5 Cir., 17 F.2d 574; Blount v. Kansas City Southern Ry., D.C., 5 F.2d 967 (Suits brought under Louisiana Act in federal court sitting in Louisiana and permitted).

It should be noted that the federal court sitting in Texas permitted a suit under the compensation laws of New Mexico notwithstanding the fact that the state court of Texas did not permit a suit under the Louisiana Act in the case of Johnson v. Employers Liability Corp., supra, and furthermore, notwithstanding the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487,

the reason, stated by the court, being that the state court of Texas could not fix the policy of the federal court sitting in that state, Stepp v. Employers' Liability Assur. Corp., D.C., 30 F.Supp. 558.

With reference to the application of this statute in the state courts it appears that the State of Mississippi will permit suit thereunder, Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395, and in addition we find this pertinent comment in the case of Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171, 174:

"In Blount v. Kansas City So. Ry. Co. (D.C.) 5 F.2d 967, 970, in an opinion by District Judge Dawkins (which is of interest because Judge Dawkins had formerly been a member of the Supreme Court of Louisiana, when that court passed on certain questions with reference to the Workmen's Compensation Law, and wrote the opinion in Kinney v. Edenborn, 151 La. 216, 91 So. 712), he held that the act did not confine to the state courts the right to pursue claims thereunder, and said: 'I cannot agree that it was even the intention of the statute to deny that right to persons who, because of their citizenship, are given the privilege of going into federal court for the assertion of such claims, and, if it did, the provision would be in conflict with the Constitution of the United States.'"

Aside from the question of substantive or procedural rights concerned in the application of the decision in the case of Erie R. Co. v. Tompkins, supra, there is neither a statute of the State of New Jersey nor a decision of the courts of that state holding that the Liability Act of the State of Louisiana may not be enforced in the State of New Jersey. Furthermore, there appears to be no insurmountable obstacle in the machinery set up by the State of Louisiana in its Liability Act which would prevent the enforcement of that law in the federal court of this district.

We conclude that there is ample authority to sustain suit in this court under the Louisiana Act. To summarize, it appears that the State of Louisiana did not intend to confine to itself suit under the Act, that Texas is the only state which has declined to permit such a suit (although other states have declined to permit suits under compensation statutes of different states), and that the federal courts have uniformly permitted it although an intentional conflict was created between the Texas state court holding and the conclusion reached in the federal courts of that state.

The final objection is that the complaint is defective because it has not been verified as is required by the Louisiana Act.

Rule 11 of Federal Civil Procedure, 28 U.S.C.A. following section 723c, provides: "* * * Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit".

Under this rule verification is the exception and not the rule and Rule 11 only requires the signing of all pleadings, Hummel v. Wells Petroleum Co., 7 Cir., 111 F.2d 883. Whether or not the above rule means that verification under a state statute would likewise be required in this court has not thus far been determined in the decisions under these rules. We do not think the point is important, because if defendant intends to press this contention, plaintiff has indicated her willingness to supply any deficiency by way of amendment under Rule 15 of the Federal Rules of Civil Procedure.

The motion to dismiss is denied.