In my opinion, the plaintiff has sufficiently complied with Section 18 of the Compensation Statute (Act 20 of 1914, as amended) so as to keep alive his claim for compensation up to the time he filed the present suit against the insurance company in East Baton Rouge Parish, although more than a year had elapsed from the date of the accident to the date of filing this suit. Whether the limitation period of one year fixed by Section 31 of the Act for filing the suit is to be considered a statute of peremption or one of prescription, in either case, the plaintiff has done all that could be reasonably required of him under Section 18 to have his claim adjudicated by a court of competent jurisdiction.
For the purpose of this suit and in order that plaintiff's claim for compensation should not be forever barred under Section 31, it is necessary for him to show that within one year of the accident he began proceedings before the judge of the district court which would have jurisdiction in a civil case, or before a judge of the district court in the parish where the accident occurred, or before any court at the domicile of the defendant, having jurisdiction of the amount in dispute.
The suit filed by plaintiff in Gregg County, Texas, was filed at the domicile of the employer, or his representatives, and within a year after the accident. If that court had jurisdiction of the amount in dispute, obviously, under the provisions of the statute, he began a proceeding within the year as is required by the statute to keep his claim alive so long as that suit was pending. Plaintiff alleges in his petition in this suit that the district court of Gregg County, Texas, was a court having jurisdiction over the parties and the subject matter, and that his cause was dismissed by said court over his objection. It was therefore incumbent on defendant in this suit to allege and show that the suit in the Texas court was dismissed for lack of jurisdiction over the parties and the subject matter involved in that suit. This the defendant has not done.
The briefs inform us that the case was dismissed by the Texas court on the authority of Johnson v. Employers Liability Assurance Corporation, Tex.Civ.App., 99 S.W.2d 979, and Federal Underwriters Exchange v. Doyle, Tex.Civ.App., 110 S.W.2d 618, Id., Tex.Civ.App., 111 S.W.2d 742. *West Page 27 
But it is clear from a reading of those cases that the Texas court declined to entertain jurisdiction of a compensation case under the Louisiana law, not because the court did not have power and authority to adjudicate the claim but because as a matter of policy it declined to do so under the state of facts shown in those cases. In the first of those cases the accident happened in Louisiana, the employer was a resident of Louisiana, and the work was being performed in Louisiana, and in the other case the employee was working in Louisiana at the time of his injury. In this case, however, as is now conceded, the accident occurred in Texas, and we have no showing in the record as to whether or not the Texas court considered this difference in the factual situation in dismissing plaintiff's suit in that state. In any event, it is obvious that the Texas court did not retain jurisdiction because of the policy of the courts of that state as announced in the two cited cases and not because it had no power to render a valid judgment. This is indicated in the syllabus of the Johnson case reading as follows:
"Policy of each state decides whether and to what extent its courts will entertain jurisdiction of transitory actions arising in other jurisdictions under their peculiar statutes."
Immediately after plaintiff's suit was dismissed by the Texas court, he filed a suit on the same claim for compensation in the District Court of Caddo Parish against his employer and his insurer, the parish in which the contract of employment was entered into and in which he was alternately working for his Texas employer. The insurance company, the defendant in the present suit, appeared and filed an exception to the jurisdiction of the district court ratione personae. Obviously, if service of citation could have been made on the employer, or his representatives, in Caddo Parish, the district court of that parish would have had jurisdiction to adjudicate the claim and to render a valid judgment. So it was not because of lack of jurisdiction in that court to adjudicate the claim that the case was dismissed there, but because citation could not be served on the employer or his representatives. In other words, if plaintiff could have secured personal service on the employer in this state (as he had a right to assume that he would be able to do) the court of that parish would have had the right to adjudicate his claim, and the mere fact that citation could not be served on the employer does not alter the fact that plaintiff filed a suit in a court of competent jurisdiction. For instance, a compensation claimant might file his suit within the year in the parish where the accident occurred, and because no service could be made on the employer and for that reason could not have his case heard, certainly would not mean that the claimant had not filed his suit in a court of competent jurisdiction and the period of limitation certainly would not run against him while he was trying to get service on his employer.
I therefore conclude that plaintiff has begun proceedings in courts of competent jurisdiction which prevented the period of limitation from running against him pending the suits. In the cases cited by defendant where plaintiff's claim was held to have been barred by the period of limitation he did not file any kind of suit in a court of competent jurisdiction within the period of limitation. In my opinion, the purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period.
In this suit, none of the foregoing reasons for barring plaintiff's claim on account of the lapse of the peremptive period exists, but on the contrary, plaintiff has not only continued to press his claim, but he has informed both his employer and the insurance company in the Texas court by proper citation as to the amount and nature of his claim, and in the second suit in Caddo Parish, the insurance company was again served with citation and informed of the amount and nature of his claim. Under Sections 23 and 24 of the Compensation Act, the insurer of the employer is primarily liable with the employer for the payment of compensation and a proceeding brought against either in a competent court would prevent the running of the prescriptive or peremptive period. Moreover the insurer can be sued in any *West Page 28 
court having jurisdiction over the employer and the insurer is limited to defenses which may be made by the employer. It therefore seems to me that the defendant insurance company is in no position to prevent plaintiff from having his claim heard and adjudicated as the insurance company has been sued and informed of the amount and nature of plaintiff's claim in three courts which had jurisdiction to pass on the claim if in the first suit the Texas court had seen fit to entertain jurisdiction and in the second suit in Caddo Parish, if service could have been made on the employer or his representatives; and, admittedly, the District Court of East Baton Rouge Parish has jurisdiction to adjudicate the matter.
I therefore respectfully dissent.