**Gladys CHARLES, Plaintiff,**

v.

**CITY OF CHICAGO, Charles A. Pounian and Lenora T. Cartright, Defendants.**

No. 83 C 5470.

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1983.

William J. Harte, William J. Harte, Ltd., Chicago, Ill., for plaintiff.

Donald Hubert, James D. Montgomery, Acting Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is the defendants' Motion to dismiss the Complaint or Alterna-

tively, to Dismiss Charles A. Pounian and Lenora T. Cartright as Individual Party-Defendants to the Complaint For Violation of the Shakman Decree. Also pending is the Defendants' Motion to Strike plaintiff's prayer for relief requesting an award of punitive damages. For the reasons stated herein, the Motion to Dismiss the Complaint is granted without prejudice with leave given to file an amended complaint. Additionally, the Motion to Strike the portion of the prayer for relief seeking punitive damages is granted with prejudice.

The instant lawsuit was brought requesting this Court to issue a Rule to Show Cause why defendants should not be held in contempt of court for violation of the *Shakman* decree (*See, Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315, 1356 app. (N.D.Ill.1979)) in connection with the termination of plaintiff's employment. In sum, plaintiff alleges that she was told she was being terminated for budgetary reasons from her position as a probationary Human Services Worker II, a position which she believes she properly performed. She further alleges that she worked on the mayoral campaign of the former incumbent, Jane Byrne and in the 10th Ward Regular Democratic Organization. Finally, she alleges that on information and belief, her firing was politically motivated.[1]

### I.

■ Defendants argue, and this Court agrees, that plaintiff's complaint is wholly devoid of the factual allegations required to support a cause of action charging defendants with contempt. Under N.D.Ill.Civ.R. 18(a), a civil contempt proceeding is initiated by the filing of a notice of a motion for a rule to show cause. Such a motion shall be supported by an affidavit which sets out *"with particularity"* the contemptuous be-

havior complained of. *Id.* No such particularity is present in the instant case.

This Court has held that a plaintiff's *belief* that his termination was politically motivated, without more, is insufficient to state a cause of action for contempt. In *Shakman v. Democratic Organization of Cook County* (In re: Petition of Edward W. Zielinski), No. 69 C 2145 (N.D.Ill.1981), the Court held that the petitioner's failure to set out objective facts in support of his contention that his termination was not related to his job performance or was politically motivated was fatal to his petition. Similarly, in the case at bar, plaintiff fails to allege facts in support of the contention that her termination was not related to the City's budgetary problems or to her ability or inability to properly perform her job. Additionally, plaintiff alleges no facts in support of her belief that her termination was politically motivated. Clearly, plaintiff's complaint therefore must be dismissed without prejudice with leave given to amend the pleadings.

### II.

■ As part of her prayer for relief, plaintiff seeks an award of punitive damages. Defendants contend that this portion of the prayer should be stricken as beyond the scope of the relief available in civil contempt proceedings. Plaintiff does not challenge defendants' motion.

It is well settled that while the purpose of criminal contempt proceedings is punitive, civil contempt proceedings are remedial. *Gompers v. Bucks Stove and Range Company,* 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *Commodity Futures Trading Commission v. Premex, Inc.,* 655 F.2d 779, 785, (7th Cir.1981); *Pabst Brewing Co. v. Brewery Workers Local Union No. 77, AFL–CIO,* 555 F.2d 146, 149–50 (7th Cir. 1977); *Shakman v. Democratic Organization of Cook County,* 533 F.2d 344, 349 (7th

---

1. Defendants note that plaintiff's Complaint is not verified as required by N.D.Ill.Civ.R. 18, thus rendering plaintiff's "belief" meaningless. However, where verification is required by rule, any deficiency may be supplied by way of amendment. *Franzen v. E.I. DuPont de Nem-*

*ours & Co.,* 36 F.Supp. 375 (D.C.N.J.1941); Fed.Proc.L.Ed. § 62:112. If plaintiff chooses to amend the complaint pursuant to this order, such complaint should be verified in compliance with Rule 18.

Cir.1976). Accordingly, a proceeding seeking enforcement of a prior court order or compensation for losses sustained as a result of noncompliance with such an order is considered to be civil in nature. *Commodity Futures Trading Commission v. Premex, Inc., supra.* In such a case, punishment is not the goal of the proceedings; consequently, punitive damages are not available. *Id.*

In the case at bar, plaintiff seeks to have this court enforce the *Shakman* consent prior order by reinstating plaintiff to her former position and by compensating plaintiff by awarding back pay, costs and attorneys' fees, and other such relief as is just. From the foregoing, it is clear that the instant proceedings are civil in nature and therefore that punitive damages are not available. Plaintiff's prayer for punitive damages must therefore be stricken.

### Conclusion

For the reasons stated herein, plaintiff's complaint is hereby dismissed without prejudice with leave given to amend the complaint. Defendants' motion to strike the portion of the complaint seeking punitive damages is hereby granted with prejudice.

IT IS SO ORDERED.